DOYLE, Appellant, v. DOYLE, Respondent.

1. Where a divorce is sought on the ground of cruel and barbarous treatment, the inquiry instituted should embrace the conduct of the parties toward each other during the period of the alleged misconduct; proof of particular acts of cruelty, especially where the divorce is sought by the husband, will not generally be sufficient to authorize a judgment of divorce. The conduct of the husband should not, under such circumstances, be such as to contribute materially to the wrong and violence of which he complains. If the alleged cruel treatment be the result of his own ill conduct he can not have the redress sought.

2. Except by virtue of statutory provisions the courts can decree alimony only as an incident to a judgment of divorce.

3. The separation of a husband from his wife during the pendency of a suit by him for a divorce does not constitute an abandonment within the meaning of section 9 of the act concerning divorce and alimony (R. C. 1845, p. 428); it would not—the husband failing to obtain a divorce—authorize a decree for alimony.

*Appeal from St. Louis Circuit Court.*

This was an action for divorce commenced May 1, 1852. The ground of the action was such cruel and barbarous treatment as to endanger the life of the plaintiff, the husband, and the offering of such indignities to his person as to render his condition intolerable. Particular acts of violence were alleged extending through a period of time commencing in May, 1848, and ending April 29, 1852. Defendant in her answer alleged various acts of violence and cruel treatment on the part of the husband, and gave an entirely different version to the matters alleged in the petition, charging the wrong therein to have been on the part of the husband.

The cause was heard by the court, and a divorce was refused. The court then sent the cause to a commissioner touching the question of the support and maintenance of the wife and the two children in her care. The commissioner having reported, the court decreed to the wife an allowance for her support and maintenance, and also allowances for the support and maintenance of two of her children in her care. The court refused to grant to the plaintiff the care and cus tody of said children.

*Dick,* for appellant.

I. The court erred in refusing to plaintiff the divorce prayed.

II. The court also erred in depriving plaintiff of the custody and control of his two children. By the order and judgment of the court that plaintiff should pay to his wife all the money required to support his children, the common law right of the father was set aside.

III. The court failed to find facts on which to base its judgment for maintenance. The law only authorizes the court to decree support where the husband shall " refuse or neglect to maintain and provide for" the wife. The court's finding is totally silent as to this fact.

*S. T. & A. D. Glover,* for respondent, cited 1 Greenl. Ev. § 432 ; 9 Mo. 539 ; 12 Mo. 53 ; 1 Hagg. 342 ; 2 Paige, 111 ; Wright, 475 ; 4 Paige, 643, 470 ; 9 Conn. 233 ; 1 John. Ch. 106, 492, 364 ; 4 Blackf. 133 ; 4 N. H. 463 ; 10 N. H. 272 ; 4 Dess. 79, 560 ; 6 Mass. 149 ; 10 Paige, 20 ; 3 Ed. Ch. 62, 389 ; 1 McCord, 205 ; 6 Harr. & Jo. 488 ; 4 Hen. & Mun. 407 ; 9 N. H. 309, 328 ; 3 Paige, 267 ; 1 Green, Ch. 19 ; 19 Ves. 394 ; 1 Clark, 344 ; 1 Bland, 101 : 4 Johns. C. 501 ; 1 Paige, 84 ; Bishop on Marriage and Divorce, 604, 606, 618 ; 9 Johns. Ch. 92 ; 2 B. Mon. 372 ; 5 Pick. 428 ; 3 Edw. Ch. 194 ; 2 Green, Ch. 171 ; 3 Dana, 28.

Scott, Judge, delivered the opinion of the court.

This is a petition for a divorce by the husband for alleged cruelty towards him on the part of the wife. It is obvious that in cases of such kind the attention can not be confined to the particular act or acts alleged as a ground for a divorce, but the inquiry must necessarily involve the conduct of the parties to each other for the period during which it is alleged that the misconduct took place. It is not like the case of a bill for divorce for adultery or any other specific act, on the proof of which the complainant by law becomes entitled to a divorce, but the cruelty in most cases which gives cause for

Doyle v. Doyle.

a divorce must be evidence rather by general conduct than by particular acts. The act or acts alleged may be proved, but a divorce would not follow as a matter of course. These observations are made as a justification for our foregoing an examination of the conflicting testimony of the witnesses in relation to the facts on which the plaintiff places his right to a divorce ; for the truth of the contested facts may be admitted, and yet counterpoising facts may debar him from the relief he seeks. We do not maintain that a single act of cruelty may not be evidence of so depraved a heart and be accompanied with such circumstances as would authorize a divorce, but we speak generally of cases for divorce on the ground of cruelty, and we see nothing in this case nor its circumstances which serves to distinguish it from the mass of cases. Courts interfere on the ground of cruelty to prevent future harm, rather than to punish the defendant for what has been already done. Hence it follows that all the circumstances together must be taken into consideration, for the question is not whether this or that fact alleged would render it the duty of the court to pronounce for a separation, but whether all the facts combined ought to lead to that result. (Saunders v. Saunders, 1 Rob. 547.) In some states the husband is not allowed to exhibit a bill against the wife for cruelty but our statute allows this ; yet we can not help feeling that ordinarily it is an unnatural position for the husband to occupy. The power with which he is clothed by law to constrain the conduct of his wife, his superior strength in most cases, would naturally cause him to be regarded in a less favorable light in such a position than the wife, who has no legal control over the actions of her husband, and whose sex and inferiority in point of strength force her into the courts to seek protection from unmerited wrongs and violence. The case of Perry v. Perry, 1 Barb. C. 516, maintains that on a bill of a husband against the wife for separation on the ground of complicity, it was not sufficient for him to show a single act of violence on her part towards himself and those who are under his protection, or even a series of such acts, so

long as there is no reason to suppose that he will [not] be able to protect himself by a proper exercise of his marital power. In such a suit it was material that the husband should establish such a continued course of bad conduct on the part of the wife towards himself as to satisfy the court that it is unsafe for him to cohabit or live with her.

When all the circumstances of this case are considered, taking as true the acts of violence alleged to have been committed by the wife towards the husband, we are of opinion that the husband is not entitled to a decree, and that opinion is based on the conduct of the husband himself. An entire exemption from fault or censure is not regarded as necessary in order to entitle one of the parties to a marriage to a separation from the other on the ground of cruelty. But when one of the parties, and especially the husband, complains of the cruelty of the wife, he must look well to it that his own deportment has not contributed materially to the wrong of which he complains. If the husband has by his conduct stifled in the breast of his wife all sentiments of love or regard, it is not for him afterwards to complain of her cruelty. If the cruelty under which he suffers be the natural return of his own ill conduct, he can not have redress in a court of justice, but must find his remedy in the correction of his own manners. The act of the wife which led immediately to the institution of this suit, is the one on which most stress is laid by the complainant. The conduct of the parties on that occasion is differently represented by the witness. Take it the transaction was as represented by the complainant. It is certain that the wife on that occasion was sick and in bed. The duty of a husband on returning home under such circumstances was plain. But before he entered the room of his wife, he went into the kitchen and inquired of the servant he found there, "how is that woman?" Could any thing be more significant of the character of the feelings rankling in his heart than such an inquiry? Is it strange that a fight occurred when he afterwards went into the presence of a high spirited woman with the state of mind indi-

cated by such a question ? The biting of the wife's finger, her expulsion from his house by her husband—acts for which no justification or explanation was offered—his spending most of his evenings in a drinking saloon, are extenuations of the conduct of the wife, and show that the wrong has not been all on her side. There is nothing in the record which shows that the husband might not by his conduct have avoided all the injuries of which he complains without any sacrifice not required by the duty the husband owes to the wife. Married people must consult each others tastes and habits ; and when they thwart each other in this respect, and a quarrel attended with violence ensues, they must not expect that the law will separate them. The most important interests of society depend on the preservation of the marriage tie ; a wide-spread dissoluteness of manners must follow when it is once established as the law that a marriage can be made to subsist no longer than it comports with the interests and passions of the parties to it.

The extent of the jurisdiction of our courts in matrimonial causes is limited by statute ; a court has no authority to grant alimony but as an incident to a divorce, except where it is conferred by law. The ninth section of the act concerning divorces (R. C. 1845) allows a decree for alimony when the husband, without good cause, shall abandon his wife and refuse or neglect to maintain and provide for her. Without such a statutory provision the courts can not decree alimony but as an instance to a divorce. (Yule v. Yule, 2 Stockton's Ch. 138 ; Bishop on Marriage and Divorce, 549 and following.) It becomes then material to ascertain whether the decree for alimony in this cause can be sustained. The law only allows such a decree on account of abandonment accompanied with a neglect to provide for the wife. Does the separation of a husband from his wife during the pendency of a suit for a divorce constitute an abandonment within the meaning of the statute ? The husband has a right to sue for a divorce, and it would be hard to compel him to cohabit with his wife during the pendency of such suit. Such cohabita-

tion, if not evidence of a condonation of the offence for which the divorce is sought, would at least be very embarrassing to him. But the law does not impose any such obligation on the husband. In England it is not malicious desertion for the husband to forsake cohabitation with his wife during the progress of a suit brought by him to obtain a decree of nullity of marriage, notwithstanding the judgment of that suit be against him. " During the pendency of that suit," says Sir John Nichol, " cohabitation was not only not incumbent by law on the parties, or on either of them; it would even have been legally censurable, at least in the husband." Therefore a withdrawal from cohabitation under such circumstances should not lay .the foundation of a suit for desertion. (Bishop on Divorce, 527.) When a suit is pending for a divorce, either from bed and board or the bond of matrimony, or to declare a marriage duly solemnized void from the beginning, it is legally improper for the parties to cohabit together, and this without reference to what may be the ultimate result of the suit. (Ib. 569.) Under color of maintaining a suit for a divorce the husband would not be permitted to avoid the consequence of an abandonment and neglect to provide for his wife ; but when a suit is prosecuted in good faith for a divorce, nothing would be more unreasonable than to hold a separation from the wife during the pendency of such a suit a desertion, subjecting him to a suit for alimony. There is no hardship in this. If the wife by her conduct has given the husband a cause for a divorce, it is nothing but just that she should forfeit her right to a support from him from the time of the commission of the offence for which the law absolved the husband from all obligations to her. If the suit for a divorce fails of its end, the wife has all the common law remedies provided for obtaining a support whilst cohabiting with her husband. The result of the suit for the divorce showing that the desertion of the husband was unwarrantable, the credit she may have obtained during the suit for necessaries suitable to her condition would be a debt against her husband, unless she was suitably provided.

We can not yield to any suggestion of expediency that the reversal of the decree for alimony will be only laying the foundation of another suit, as the proceeding would be immediately renewed on a failure of the complainant to provide for his wife. We think that the result to which we come is not only warranted by law, but is supported by considerations of policy. For these parties who have passed so long a portion of their lives together, and who have reared a family of children, we have left open a door for reconciliation which would have been forever closed had the decree for alimony been permitted to stand. The husband is now fully aware of his situation, and we trust that he may pursue that course which will again place him at his fireside, surrounded by his family, and which would redound so much to his honor and to the peace and happiness of his future life. If this can not be done, his experience must have satisfied him how little is to be gained by going to law, and he should without the compulsion of judicial proceedings make a suitable provision for his wife, not waiting to be bound in bonds for the maintenance and support of his wife, than which nothing can be more galling to a free and independent spirit. The decree refusing the divorce is affirmed. So much of it as allows alimony and disposes of the custody and care of the children is reversed. The plaintiff will pay· costs—Judge Napton concurring; Judge Richardson not sitting, having been of counsel.