ARCHELAUS B. REDFORD, Respondent, v. CYNTHIA R. REDFORD, Appellant.

Kansas City Court of Appeals, February 19, 1912.

DIVORCE: Desertion: Period of Abandonment. Plaintiff sued for divorce upon the ground of desertion for one year and a decree was granted to him. After deserting plaintiff, the defendant commenced an action for divorce in another county, but upon a hearing, her petition was dismissed. The time during which her suit was pending was included in the year that plaintiff charged she remained away from him. *Held*, that defendant's suit was not brought in good faith and that the period of abandonment ran continuously from the time she left plaintiff to the filing of this suit.

Appeal from Vernon Circuit Court.—*Hon. B. J. Thurman,* Judge.

AFFIRMED.

*Langsdale & Howell, Lee B. Ewing* and *E. R. Morrison* for appellant.

(1) The plaintiff is not an injured party. Dwyer v. Dwyer, 16 Mo. App. 422; Scott v. Scott, 44 Mo. App. 600; Grant v. Grant, 36 N. J. Eq. 502; Davis v. Davis, 60 Mo. App. 545; Droege v. Droege, 55 Mo. App. 481; Hoffman v. Hoffman, 43 Mo. 550; Taylor v. Taylor, 28 N. J. Eq. 207; Moores v. Moores, 1 C. E. Gr. 275; Rose v. Rose, 50 Mich. 92. (2) In any event the statutory period had not elapsed. Doyle v. Doyle, 26 Mo. 545; Marsh v. Marsh, 1 McCarter (N. J.) 315; Sykes v. Halstead, 1 Sandf. 483; 1 Bishop on Marriage and Divorce, sec. 1757. (3) The judgment was for the wrong party.

*Scott & Bowker, Jas. D. Lindsay, W. E. Owen* and *Parks & Son* for respondent.

(1) The conditions which justify a wife's abandonment of her husband are those only which would support a decree of divorce in her favor where she is plaintiff. Droege v. Droege, 52 Mo. App. 91; Converse v. Converse, 60 S. E. 627; Golden v. Golden, 36 Pa. 648. (2) To justify the granting of a divorce on the ground of indignities, such indignities should be sufficient to constitute a species of cruelty at least to the mind. Weller v. Weller, 154 Mo. App. 6. (3) Where a wife willfully deserts her husband and thereafter brings a suit against him, and he has in no way procured, consented to, or connived at the separation, he is under no legal obligation to solicit her return, and her persistence in such desertion continuously for the statutory period, gives the husband the right to a divorce on such statutory grounds. Hitchcock v. Hitchcock, 15 App. D. C. 81, N. J. Ch. 1901; Kaster v. Kaster, 43 Mo. App. 115; Deschodt v. Deschodt, 59 Mo. App. 102; Hamberg v. Hamberg, 147 Mo. App. 591; Seeds v. Seeds, 139 Iowa, 77. (4) If an action

for divorce is instituted and prosecuted in good faith by one spouse against the other, the time during which the action is pending to the time of final adjudication is not regarded as an obstinate or wilful desertion, but in order to have this effect the action must be brought in good faith. And it cannot be contended that a wife who intends to desert her husband can, with that intent, leave his residence and live separate from him, and at the same time destroy the effect of the desertion by immediately beginning an unfounded action for divorce against him. In the absence of good faith, it is clear that the beginning of the action cannot transform a causeless abandonment of the marital domicile into an innocent absence. Kusel v. Kusel, 147 Cal. 52, 81 Pac. 297; 1 Bishop on Marriage & Divorce (6 Ed.), 802; Doyle v. Doyle, 26 Mo. 545; Von Bernuth v. Von Bernuth, 76 N. J. Eq. 487; Wagner v. Wagner (Minn.), 80 N. W. 360; Easter v. Easter, 75 N. H. 270; 1 Nelson on Divorce and Separation, sec. 93; Palmer v. Palmer, 18 So. 720.

BROADDUS, P. J.—This is a suit for divorce which was begun in the Henry County Circuit Court on the 30th day of November, 1910. The ground alleged is abandonment for one whole year from the 1st day of November, 1909. On application of defendant a change of venue was awarded to Vernon county.

The defendant filed a second amended answer which after admitting the marriage with plaintiff made a general denial of the other allegations of the petition, and for further answer alleged substantially that; she faithfully demeaned herself as the wife of plaintiff in every respect; but that plaintiff during the whole course of the relation was guilty of such barbarous treatment as to endanger her life in that, at various times and continuously during said time nagged at her and quarreled with her about petty mat-

ters; that he frequently told her she was no good; and that he derided her about her blood relations, among others, her brothers; that he often told.her to go back to Kansas City where she had resided before her marriage to him; that without provocation he told her she would never get any of his money; that plaintiff drank alcoholic liquors continuously and several times became intoxicated; that while in that condition on one occasion while with defendant in a public eating house plaintiff danced and sang to the great embarrassment of defendant and used abusive language toward her in the presence of others; and that during his periods of intoxication plaintiff would threaten her with physical violence and that she was afraid that he would carry out his threats.

Defendant alleges that for the reasons above stated she left plaintiff on or about the first day of November, 1909, and returned to Kansas City; that on the 2d day of November, 1909, she filed a petition in the circuit court of Jackson county, praying for a divorce from the plaintiff; that on the 10th day of January, 1910, the plaintiff herein duly filed his answer to her said petition; that on the 21st day of March, 1910, said matter came up for a hearing, before the Honorable James H. Slover, one of the judges of the court, and her case was dismissed.

The plaintiff filed a reply to the defendant's amended answer in which he admits that plaintiff instituted her suit of divorce in the Jackson County Circuit Court and that it was heard by the court and dismissed, and alleges that upon the hearing of the charges contained in defendant's petition they were found to be untrue and dismissed her bill for that reason. All the other allegations of the answer he denied.

After hearing the evidence the court granted plaintiff a decree of divorce from which defendant appealed. The plaintiff at the time of his marriage to

defendant was 80 years old; had been married twice before, both of his wives being dead. Defendant was 48 years old; had been married once before and had obtained a divorce from her husband. At the date of her marriage she had been living for eight years in Kansas City, Missouri, engaged in keeping a rooming house. She had known plaintiff for a long time and lived a near neighbor to him while she was married to her former husband. She had property of her own estimated to be of the value of $5,000 or $6,000. She had children, all grown. Her immediate relatives, her brothers, lived in Henry county where her real property was situated.

It was shown that plaintiff habitually used liquor and occasionally got drunk; that he was uneducated and without personal attraction. That defendant and her brother examined the records of Henry county to learn how much property plaintiff possessed; and a witness, a Mrs. Wright, testified that the day before the marriage defendant told her that she was going to marry a man worth $75,000. A while after their marriage the parties lived in Kansas City, during which time plaintiff at one time got drunk. In July, 1909, they moved to plaintiff's farm in Henry county and there lived together until defendant left plaintiff in November of that year. There is no doubt but what the parties sometimes quarreled and that they were wholly unsuited for one another. Mrs. Wright testified, that after defendant had failed in her divorce, she told her that, "she was sorry she didn't take the old gentleman to Kansas City to her rooming house and get him full and start a quarrel, and then call in the officers and she would have had him."

A Mrs. Bain testified that defendant was intoxicated on the 19th of November, 1910, and said: "Didn't I tell you I could get a man whenever I wanted one, I have got a nice one down stairs." Defendant admitted that when she left plaintiff in No-

vember, 1909, it was her purpose of not returning, but to get a divorce, although she led plaintiff to believe that she would return. Defendant testified and in the main affirmed all the statements in her answer. She denied being drunk or being in the habit of using intoxicating liquors; that plaintiff was in the habit of getting drunk and quarreled with her without cause. She was corroborated to some extent by another witness.

The court granted the decree of divorce on the ground of abandonment for one whole year, and in doing so included the time during which the defendant's suit against plaintiff for divorce was pending in the circuit court of Jackson county. The court announced in its finding that defendant's said divorce suit was not instituted in good faith.

Whether plaintiff was without fault and had lived true to his marriage contract it was important to show before he could avail himself of his wife's abandonment as a cause for divorce. It is insisted by defendant that plaintiff failed to prove that he was the innocent and injured party. It was not denied that plaintiff was liberal in providing for the defendant; that he furnished her with all the necessaries of life and was liberal in furnishing her with money when she asked for it. It was not claimed that he struck her and it was not shown that his conduct was in any respect such as to render her condition intolerable. He and defendant sometimes quarreled over small matters, and that was about all that could be said of his mistreatment of defendant. It is true he sometimes became intoxicated, but the effect seemed to make him gay and not disagreeable. He was not an habitual drunkard. While he did not measure up to the standard of a good husband, at the same time we must take into consideration that he was an old man, and that defendant had known him long and well before she married him and with a full understanding

of the kind of a husband he would prove to be. If plaintiff had been guilty of the things with which he is charged by the defendant, her petition for divorce would not have been dismissed by Judge Slover of the Jackson County Circuit Court. Under such conditions defendant abandoned him for the purpose of never returning and brought the suit for divorce. The evidence clearly indicates that said suit was not brought in good faith, but for the mere purpose of being separated from a husband she disliked and to obtain alimony. It is said: "To establish desertion, three things must concur: Cessation from cohabitation continuing one year; intention in the mind of the deserter not to resume cohabitation; the absence of the other party's consent to the separation." [Davis v. Davis, 60 Mo. App. 545.] This and similar decisions are cited to show that plaintiff is not entitled to the decree. The law cited has not application to the facts of the case. The plaintiff did not consent to the separation. Defendant left plaintiff without his consent under the promise to return, and on the same day that she arrived in Kansas City brought the suit mentioned for a divorce which the plaintiff contested and which she prosecuted to its final termination. It cannot be said that because he has not since solicited her to return and is willing for her to stay away that he consented to the separation. He has not manifested his consent by any act, and any undisclosed feeling he may have as to the matter does not constitute consent. [Ford v. Ford, 143 Mass. l. c. 578.]

In Doyle v. Doyle, 26 Mo. 545, it is held that as a general rule that during the pendency of a divorce suit there can be no statutory desertion. But the opinion further holds, l. c. 550, that: "Under color of maintaining a suit for a divorce the husband would not be permitted to avoid the consequence of an abandonment." The pendency of a divorce suit is an evidentiary fact, bearing on the question whether the

absence complained of is such an abandonment as the statute makes a cause for a divorce, but it is not necessarily decisive of the case. [Easter v. Easter, 73 Atlantic, 30; Von Bernuth v. Von Bernuth, 74 Atlantic, 700; 1st Nelson on Divorce and Separation, Sec. 93.]

In California it is held that: "The burden of proof to show that an unfounded action for divorce begun by the wife was begun by her in good faith is upon the wife, and there can be no presumption that she acted in good faith in bringing it." [Kusel v. Kusel, 147 Cal. 52.] From every standpoint of law as laid down by the different courts there is no presumption that defendant's suit for a divorce was instituted in good faith, but that it was a question of fact to be determined by the court whether it was or was not. The court found that it was not instituted in good faith and we are of the opinion that the finding is supported by all the evidence in the case and that the period of abandonment ran continuously from the time she left plaintiff to the filing of this suit, a period of one whole year. The judgment is affirmed. All concur.