Catherine Ann HOPPER, Respondent,

v.

Gerald Wayne HOPPER, Appellant.

No. 63325.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Robert Bennett Satchell, Pacific, for appellant.

Edward A. Stierberger, Timothy J. Melenbrink, Union, for respondent.

CRIST, Judge.

Gerald Wayne Hopper (Husband) appeals the order of the Franklin County Circuit Court granting Catherine Ann Hopper (Wife) separate maintenance pursuant to § 452.130, RSMo 1986. We affirm.

Husband and Wife were married on May 5, 1979. A year and a half later, Wife left her employment as a teacher for the Mehlville School District. Husband has worked at McDonnell–Douglas for fifteen years. In 1989 and 1990, he earned approximately $34,000 per year. At the time of the events in question, Husband and Wife lived in Villa Ridge, Missouri, in a two-room house.

On September 27, 1990, Wife brought an action against Husband for separate maintenance. Prior to this action, in August 1990, Wife had gone to stay temporarily with her aunt in St. Louis County while she had dental work done. Husband testified he thought she would be back in a week. On an unspecified date in September 1990, Husband moved to St. Louis County and filed an action for dissolution. Wife returned to the marital home at the end of October 1990. Husband again moved out in early November.

■ A hearing on the matter was held October 3, 1991. The trial court found Husband had abandoned Wife and refused to maintain or provide for her. It ordered Husband to pay Wife $130 per week in separate maintenance. Husband appealed to the Supreme Court of Missouri. Husband challenged the constitutionality of § 452.130, arguing it denied him equal protection of the law because it provided separate maintenance only for wives and not husbands. The Supreme Court transferred the case to this district "where jurisdiction is vested." The transfer by the Supreme Court was not an adjudication of jurisdiction. *State v. Martin*, 645 S.W.2d 734, 735[1] (Mo.App.1983).

■ Husband argues he should not be required to pay separate maintenance if similarly situated wives could not be ordered to pay it. However, Husband does not have standing to challenge the constitutionality of § 452.130, because he is not a needy husband requiring assistance from a financially able wife. He has not requested separate maintenance nor has he been denied it. Thus, he is merely asserting the rights of hypothetical third parties. *R.J.J. by Johnson v. Shineman*, 658 S.W.2d 910,

914[5, 6] (Mo.App.1983); *State v. Harris*, 571 S.W.2d 443, 447[6] (Mo.App.1978). Point denied.

In Point II, Husband argues the trial court erred in denying his motion to dismiss for failure to state a claim upon which relief can be granted. Husband asserts Wife failed to allege in her petition that he abandoned her, an essential element of a separate maintenance action.

■ A petition for separate maintenance is not defective even in the absence of a literal allegation that Husband's abandonment was "without good cause." *Dietrich v. Dietrich*, 209 S.W.2d 540, 543[1] (Mo.App.1948); *Coulter v. Coulter*, 175 Mo.App. 1, 161 S.W. 281, 283[1, 2] (1913). Generally, the lack of good cause can be inferred from the ultimate facts which justify that conclusion. *Dietrich*, 209 S.W.2d at 543[2, 3]. Wife's petition averred, "That the defendant has consistently refused to provide support for the plaintiff and at the present time has physically separated from the plaintiff." She also asserted she had no income, but Husband earned approximately $34,000 per year. These assertions allow us to infer lack of good cause. Point denied.

In Point III, Husband contends Wife failed to present sufficient evidence to obtain relief under § 452.130. In order to maintain an action for separate maintenance, § 452.130 requires Wife to show Husband without good cause abandoned and refused or neglected to support her. Husband asserts Wife failed to show he abandoned her without good cause and failed to show he did not support her.

■ There is extensive evidence supporting the trial court's finding that Husband failed to support Wife. From the time Wife filed this petition until the time of trial (approximately one year), Husband gave her only $395 voluntarily. Husband also closed their joint bank account. He did provide her with a 1978 Cougar, which he states he paid $1,000 to have repaired. However, Wife testified the car broke down several times until she could no longer drive it. After Wife informed Husband

**630**

the car was broken down, Husband made little effort to get the car repaired or provide Wife with alternate transportation. As a result, Wife is unable to obtain full-time employment because she lives in a remote area. Wife also testified she lives in a two-room wooden house valued at $6,500 with a mortgage of $4,191.05. Currently, Husband is making house payments by order of a bankruptcy judge. Wife cleans house for someone one or two times a week for $24 a day. Husband, in contrast, works for McDonnell–Douglas and earns approximately $34,000 per year.

There is also sufficient evidence Husband abandoned Wife without good cause. Wife testified she left the marital home from August 1990 to October 1990 to stay with relatives in St. Louis County while she had dental work done. She had no transportation of her own at that time, but she would return to the marital home occasionally when she could get transportation to Franklin County. Husband failed to give her any support during those three months. Wife stated Husband was aware of the reason for her visit to St. Louis County. Husband moved out of the marital home temporarily in September 1990 and filed a petition for dissolution. He testified he moved out permanently in early November because he was forced to move by a petition for protection filed by Wife.

"A constructive abandonment occurs whenever the husband has been guilty of such misconduct as to make his wife's condition unendurable, in which event she may live apart from him without forfeiting her right to separate maintenance." *Dietrich*, 209 S.W.2d at 544[5]. Husband testified Wife filed a petition for an adult abuse order of protection. Section 455.035, RSMo 1986 allows a court to immediately issue an *ex parte* temporary order of protection upon the filing of a verified petition which shows good cause, an immediate and present danger to petitioner. A temporary order may restrain a spouse from remaining in the marital home. § 455.045, RSMo 1986. Husband testified Wife's petition forced him out of the home. Therefore, an *ex parte* temporary order of protection must have been entered. This is indicative of misconduct on the part of Husband, which would justify Wife living apart from him. However, the Adult Abuse Act provides Wife with a different remedy, allowing her to remain in the marital home while obtaining an *ex parte* temporary order of protection enjoining Husband from entering the marital home. Section 455.045. This does not prevent Wife from showing constructive abandonment. Furthermore, Husband offered no evidence of good cause.

Husband further relies on the case of *Doyle v. Doyle*, 26 Mo. 545 (1858), which stated the separation of a husband from his wife during the pendency of a dissolution proceeding is not abandonment under § 452.130. The reasoning in that case is based completely on the divorce laws which required a showing of fault. *Id.* at 549–50. At that time, it was legally improper for a husband and wife to cohabit when a suit was pending for divorce. *Id.* Today, we have no-fault divorce laws, which do not prohibit cohabitation during the pending divorce suit. Even so, Husband asserts the dissolution action provided Wife with a remedy for temporary maintenance under § 452.315, RSMo 1986. Husband appears to argue Wife should have pursued that remedy once the dissolution proceeding commenced. However, Husband shows no evidence indicating he filed his dissolution suit prior to Wife's action for separate maintenance. The record merely shows Husband filed it sometime in September of 1990 and does not indicate when Wife was served with notice of that petition. Therefore, we are unwilling to say Wife should have pursued that option in lieu of her action for separate maintenance. Furthermore, even though separate maintenance is an archaic notion in these more enlightened times, the legislature has retained it for some use. Thus, Wife should have the option of choosing it if she so desires.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.