Syllabus.

REBECCA HOUGHTAILING, THROUGH AND BY
FREDERICK E. STEERE, HER GUARDIAN, *v.*
GEORGE DE LA NUX, JR., DANIEL DE LA
NUX, GEORGE F. DE LA NUX AND LAHAPA
DE LA NUX.

No. 1220.

ERROR TO CIRCUIT JUDGE FIRST CIRCUIT.
HON. W. H. HEEN, JUDGE.

ARGUED APRIL 20, 1920.                    DECIDED MAY 5, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR.

By the provisions of section 2522 R. L. 1915 as amended by
Act 44 S. L. 1919 this court is precluded on a writ of error from
reversing any finding depending on the credibility of witnesses or
the weight of evidence.

EQUITY—*laches—statute of limitations.*

The question of laches does not depend, as does the statute of
limitations, upon the fact that a certain definite time has elapsed
since the cause of action accrued, but whether under all of the
circumstances of the particular case complainant is chargeable
with a want of due diligence in failing to institute suit before
she did.

APPEAL AND ERROR—*sufficiency of bill—point waived when not season-
ably made.*

A question not jurisdictional and which was not raised by
demurrer nor in appellants' specifications of error nor in their
brief comes too late to have consideration when presented for
the first time during the oral argument of counsel.

OPINION OF THE COURT BY COKE, C. J.

This is a suit in equity instituted by Rebecca Hough-
tailing, complainant-appellee, through Frederick E.
Steere, her guardian, against George De La Nux Jr. and
Daniel De La Nux, respondents-appellants, to reform a

deed. The deed in question purports to convey to the grantees therein named a certain piece of land situated on Kamehameha IV road, Kalihi, Oahu, with the improvements thereon, which property was at the time, and still is, occupied by the grantor as a home. There is a separate clause in the deed reading as follows: "And also all and singular my real and presonal property by me possessed and wheresoever situate." It is this last clause which the appellee alleges was inserted in the deed through the fraud and deception of George F. De La Nux, the father of the grantees, and which appellee now seeks to have eliminated from the deed by reformation thereof. By the terms of the deed the appellee reserved to herself a life estate in all the property conveyed. The grantees were minors at the time the suit was instituted and their father, George F. De La Nux, was duly appointed their guardian ad litem. On the 1st day of December, 1918, George De La Nux Jr. died and the bill was amended by making George F. De La Nux and Lahapa De La Nux, father and mother respectively of the deceased grantee and his heirs at law, parties defendant. It appears that on the 11th day of April, 1916, Rebecca Houghtailing was declared a spendthrift owing to the use of intoxicating liquor and Frederick E. Steere was appointed the guardian of her person and estate. On the 19th day of April, 1917, the said guardian was ordered and directed by the judge of the probate court of the first judicial circuit to institute proceedings to bring about a reformation of the deed in accordance with the prayer of the bill filed herein, and on the 24th day of May, 1917, suit was filed. The deed purports to have been signed by Rebecca Houghtailing on the 10th day of June, 1905, and acknowledged by her before a notary public on the 8th day of November, 1905. It was recorded in the office of the registrar of conveyances in Hono-

lulu on the 2d day of July, 1910. The clause in the deed
to which objection is made by appellee affects extensive
and valuable real and personal property and it is alleged
in the bill "That the insertion of the said provision in
said deed conveying property other than the said home-
stead was without the consent or knowledge, and was
against the will of the said Rebecca Houghtailing, and
was at the instigation, suggestion and connivance of the
said George F. De La Nux, and was inserted therein with
intent on the part of him, the said George F. De La Nux
to deceive and defraud the said Rebecca Houghtailing,
and with intent on the part of him, the said George. F.
De La Nux to have the said deed executed at a time
when her condition, owing to the excessive use of intoxi-
cating liquors, combined with her lack of knowledge of
business and business affairs, would not permit her to
appreciate the full force and effect of the instrument so
to be executed by her; and that said instrument was exe-
cuted at a time when the said Rebecca Houghtailing was
under the influence of intoxicating liquors, and that in
having the same executed at the said time, the said
George F. De La Nux did intend to deceive and defraud
the said Rebecca Houghtailing and did deceive and de-
fraud her."

At the conclusion of the trial a decision was rendered
by the judge of the trial court wherein the evidence is
extensively reviewed and it was found that Rebecca
Houghtailing was at the time the deed in dispute was
executed a person addicted to the extensive use of intoxi-
cating liquor; that because of her habitual intemperance
she was unable to attend to business affairs and for that
reason was obliged to have others undertake the manage-
ment of her large estate; that also because of such habit-
ual intemperance she was easily influenced by her son
George; that she was deceived and defrauded by him by

being made to believe that the deed conveyed only the Kalihi home; that she succumbed to such deception and fraud because of the trust and confidence that she placed in her son George and that the deed in question should be reformed by striking therefrom the words "and also all and singular my real and personal property by me possessed and wheresoever situate." A decree in accordance with the findings contained in the decision was made and entered.

The cause is brought here on error by the appellants. The errors relied upon as contained in appellants' opening brief are as follows: (1) That the trial judge erred in causing the said deed to be reformed on the ground of fraud and deception; (2) that the trial judge erred in deciding from the evidence that plaintiff was deceived and defrauded by George F. De La Nux and that by reason of such deception and fraud signed the deed in question; (3) that the trial judge erred in not dismissing the complaint on the ground of laches on the part of the plaintiff; (4) that the trial judge erred in not dismissing the complaint on the ground that said complaint did not contain the necessary and essential allegations to maintain this suit.

Specifications of error Nos. 1 and 2 present matters which necessarily depend upon the credibility of witnesses and the weight of evidence. There was evidence which affirmatively shows that Rebecca Houghtailing is an Hawaiian woman about fifty-six years of age; that she is without knowledge of business affairs and is, and for many years has been, unable to manage her estate; that for more than twenty years last past she has been addicted to the excessive use of alcoholic liquors; that although she has other children and numerous grandchildren, some at least of whom appear to have a greater claim to her affections and bounty than the two grantees

named in the deed; that it was her intention and purpose to grant to the children of her son George her home situated on Kamehameha IV road, but that in the preparation of the deed George took advantage of her mental weakness and by fraud and deceit and without her knowledge or consent caused to be inserted in the deed the clause now complained of and which if permitted to stand would upon the death of Rebecca vest her entire estate in George's two children, their heirs or assigns. It is true this evidence was controverted by the testimony of witnesses introduced on behalf of the appellants but we are not on a writ of error permitted under section 2522 R. L. 1915, as amended by Act 44 S. L. 1919, to reverse the decree for any finding depending on the credibility of witnesses or the weight of evidence.

The third assignment presents as error the failure of the trial judge to dismiss the complaint on the ground of laches on the part of complainant. In this connection counsel for respondents argue that this is in fact a real action to recover possession of land and therefore the statute of limitations (Sec. 2651 R. L. 1915) applies. The section reads: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within ten years after the right to bring such action first accrued."

But this is not an action to recover the possession of land but is a suit in equity to reform a deed. The complainant has at all times been, and still is, in possession of the property. The position of the parties has not changed since the date of the execution of the deed and of course no rights of third parties have intervened. We are of the opinion that the statute of limitations cannot be invoked to defeat the suit.

In *Rose* v. *Parker,* 4 Haw. 593, this court said: "It is urged that the plaintiffs are barred of this recovery by

the statute of limitations.   We understand that courts of equity not only act in obedience and in analogy to the statute of limitations in proper cases, but they also interfere in many cases to prevent the bar of the statute where it would be inequitable or unjust." This same question was before the Supreme Court of the United States in *Townsend* v. *Vanderwerker,* 160 U. S. 171. The court in that case laid down the rule to be that "The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under all the circumstances of the particular case, plaintiff is chargeable with a want of due diligence in failing to institute proceedings before he did." See also *Gunton* v. *Carroll,* 101 U. S. 426; *Harris* v. *Ivey,* 21 So. 422; *Jones* v. *McNealy,* 35 So. 1022.

The fourth assignment of error presents a general attack upon the entire bill for the reason that it does not contain the necessary allegations to maintain the suit. No particular defect in the bill is pointed out and we are left to grope through the pleadings seeking as best we may for defects therein.   Obviously these are matters which should have been taken advantage of on demurrer. The bill may not be a model of good pleading.   It perhaps should have contained an averment specifying the time at which Rebecca discovered the fraud and a further averment in explanation of her failure to promptly seek relief against the fraud which she claims was perpetrated upon her.   But in the absence of a demurrer the cause went to trial upon the bill and answers and whatever defects the bill contained were cured by the proofs submitted at the trial.   It is in evidence that Mrs. Houghtailing became aware of the fraud in 1911 but it was also shown that at that time and during the intervening period up to the date of the appointment of Mr. Steere

as her guardian her mental condition was such as would excuse her inaction. In other words, all apparent laches were accounted for. Very shortly following Mr. Steere's appointment this suit was instituted.

In their oral argument before us counsel for appellants for the first time attempt to urge that there was no proper allegation or showing of a demand upon the appellants for the reformation of the deed prior to the institution of the suit. The record does show that there was a demand upon George F. De La Nux, the father of the grantees. But without determining whether a demand was necessary as a prerequisite to the suit, or if such demand was necessary whether the demand upon the natural guardian was sufficient, the point was not contained in the specifications of error nor is it given the slightest mention in the briefs of appellants. It is not a jurisdictional question and comes too late to have consideration when presented for the first time during the oral argument of counsel.

The record herein presents a clear case where a confiding woman whose mind has been enfeebled by the excessive use of alcoholic liquor was by fraud, deceit and misrepresentation induced by her son to execute a deed to his children of all of her large estate to the exclusion of her other children and numerous grandchildren. The facts and circumstances divulged convince us, as they convinced the judge of the lower court, that Mrs. Houghtailing never had in mind the conveyance of any property other than her house and lot situated on Kamehameha IV road.

The decree appealed from ought to be, and therefore is, affirmed.

A. *Withington* and A. D. *Larnach* (*Castle & Withington* and A. D. *Larnach* on the brief) for complainant.

R. J. *O'Brien* (*Andrews & Pittman* and E. J. *Botts* on the brief) for respondents.