*W. C. Achi* for defendant.

---

## M. B. SANTOS *v.* ANTONIA SANTOS.

## No. 1335.

### ERROR TO CIRCUIT JUDGE FOURTH CIRCUIT.
### HON. C. K. QUINN, JUDGE.

ARGUED JULY 26, 1921.                    DECIDED AUGUST 1, 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

DIVORCE—*desertion—offer to return.*

> Even though the wife deliberately deserted her husband without cause or provocation if she afterwards and before the cause of action had accrued repented and was prevented from returning by his refusal without cause to receive her then the statutory desertion is not established.

SAME—*same*—*same*.

The party at fault in the original separation desiring to resume marital relations within the statutory period and thus prevent the desertion from becoming a ground for divorce must in good faith offer to return without other conditions than those incident to the proper treatment of each by the other as husband and wife, and the offer must be made to and refused by the deserted spouse.

### OPINION OF THE COURT BY KEMP, J.

On August 6, 1920, M. B. Santos filed his libel for an absolute divorce from his wife Antonia Santos alleging as grounds that "the libellee on or about November 17, 1919, without cause or justification, wilfully and utterly deserted libellant and now wilfully and utterly deserts libellant and has done so for the term of more than six months last past." The libellee filed an answer and cross-libel. In her answer she denied all the allegations of the libel except those relative to the marriage and the issue of said marriage. In her cross-libel she prays for a separation from bed and board on the ground of extreme cruelty. She also prays that the custody of the three children, issue of said marriage, be awarded to her and that her husband be required to pay her for their support and alimony $80 per month. An answer was filed by the libellant denying the material allegations of the cross-libel and thereafter the libel and cross-libel were heard together. A decree was rendered in favor of the libellant finding the allegations in the bill to be true, dissolving the bonds of matrimony theretofore existing between the parties and awarding to the libellee the custody of the minor children and $40 per month for their support. To reverse this decree the libellee has sued out a writ of error and presents the following assignments of error upon which she relies:

"1. That the court erred in accepting the testimony of M. B. Santos as evidence supporting the libel for divorce.

"2. That the trial court erred in its rulings and order denying libellee's cross-bill.

"3.    That the trial court erred in its order, judgment and decree sustaining the libellant's libel for divorce.

"4.    That the trial court erred in its order, judgment and decree dissolving the bonds of matrimony existing between the libellant M. B. Santos, defendant in error, and Antonia Santos, the libellee, plaintiff in error and petitioner herein, in that said decree was and is contrary to law, and the evidence and the weight of the evidence."

The libellant raises the question of the sufficiency of the assignments of error asserting that they are indefinite, uncertain and do not with particularity point out any question of law for the consideration of this court.    Without considering this question, however, we think the decree must be affirmed.    All of the questions argued by the plaintiff in error with one exception depend for their solution upon the credibility of witnesses and weight to be given to the evidence.    Section 2522 R. L. 1915 as amended by Act 44 S. L. 1919 provides that upon writ of error there shall be no reversal for any finding depending on the credibility of witnesses and the weight of the evidence. See also *Houghtailing* v. *De La Nux,* 25 Haw. 438.

The only argument presented by counsel for libellee which we consider merits any discussion is to the effect that the evidence shows that the desertion was not wilful. The evidence he argues established as a fact that about one month after libellee deserted her husband she offered to return to him and he refused to accept her.    It is unquestionably the law that even though the wife deliberately deserted her husband without cause or provocation if she afterwards and before the cause of action had accrued repented and was prevented from returning by his refusal without cause to receive her then the statutory desertion is not established.    The party at fault in the original separation desiring to resume proper marital relations within the statutory period and thus prevent the desertion from becoming a ground for divorce must in good faith

offer to return without other conditions than those incident to the proper treatment of each by the other as husband and wife. The party not at fault need not solicit the return of the other who has left the home without good cause. It is sufficient if it appears that such party has not refused an unconditional offer to return. *Seeds* v. *Seeds*, 117 N. W. (Ia.) 1069. It is therefore necessary to examine the evidence bearing upon this question. The libellee testified that about one month after the separation she offered to return to the libellant but upon cross-examination it was developed that her desire to return was not communicated by her to the libellant but to Judge Osorio and it nowhere appears that Judge Osorio represented the libellant or communicated the offer to him. Under this state of facts we conclude that the evidence shows neither an offer on the part of the libellee nor a refusal on the part of the libellant to resume marital relations. The only offer of the libellee to resume marital relations which the evidence shows was actually communicated to the libellant was made long after the cause of action for desertion had accrued and was·therefore too late to constitute a bar to the suit for divorce on the ground of desertion. *Costa* v. *Costa.* 23 Haw. 381.

The decree appealed from is affirmed.

*R. J. O'Brien* (*H. L. Ross* on the brief) for libellant.

*J. S. Ferry* for libellee.