KUI YIN FONG *v.* WILLIAM S. FONG.

No. 1536.

ERROR TO CIRCUIT JUDGE SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED MAY 14, 1924.               DECIDED JUNE 2, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DIVORCE—*nonsupport—evidence of.*

On a libel for divorce on the ground of nonsupport, it appearing that libellee was financially unable to afford a separate home, the mere fact that libellee insisted that libellant share with him the home of his parents does not justify libellant's leaving her husband and entitle her to a divorce on the ground of the husband's failure to support her while absent from the home, in the absence of evidence showing that the conditions in that home were such as to justify her refusal to remain there.

OPINION OF THE COURT BY LINDSAY, J.

Libellant brought an action for divorce on the ground of nonsupport. At the hearing it appeared that the parties were married on April 2, 1923, and went to live at the home of the parents of libellee. On July 23 of the same year libellant left her husband and went to live with friends with whom she remained up to the time of the hearing. Since libellant left her husband he has not contributed towards her support, which fact, according to libellant, entitles her to a divorce. In other words, the theory is that she was justified in leaving her husband— hence the husband was bound to support her, even though

she was absent from his home, and his failure in this respect constitutes a legal ground for divorce.

It is impossible from the state of the evidence to say why libellant left her husband, the only testimony as to this being that of the libellant herself who testified that "he drive me out from his home." Libellant also testified, in a vague manner, as to a misunderstanding she had with libellee and his people concerning some money which they had apparently accused her of taking. Cross-examination of libellant also elicited the further statement that, on the day she left him, her husband told her she should go to work, and that he had complained that the baby was a great eater. Libellant admitted that libellee had, through the offices of a Mr. Fernandez, endeavored to have her return to libellant but that she had refused to do so.

The foregoing being substantially all of the evidence adduced on behalf of libellant, the circuit judge intimated that it was insufficient to support a decree of divorce, whereupon counsel for libellant requested that the court should not then deny the divorce, but that the matter should be allowed to stand over for one month. In this request counsel for libellee joined, stating that, in his opinion, this was a case in which a reconciliation of the parties might possibly be effected, and promising to lend his aid toward that laudable purpose. A continuance for one month was thereupon granted.

The attempted reconciliation having failed of accomplishment, the case was called up a month later. At this second hearing no further material evidence was given as to why libellant had left her husband. From the evidence it is apparent that practically the only cause of complaint that libellant had against her husband was that he had not furnished her with a home of her own but had compelled her to live with him at the home of his parents.

Upon the second hearing the circuit judge granted libellant a divorce, awarded her the custody of her child, and ordered libellee to pay her $20 per month for the support of herself and child; from which decree libellee has come here on writ of error, one of the assignments of error being that there was not a scintilla of evidence in the case justifying the court in granting a decree of divorce to libellant.

From a careful examination of the record we are convinced that the evidence before the court was not sufficient to sustain a decree for the libellant. While the taking of a wife to the home of his parents is perhaps not an ideal method of supplying her with a home, it cannot be said, as a matter of law, that that fact alone justified the wife in deserting her husband. The evidence in this case shows that libellee is but an ordinary laborer earning about $50 per month, and with such a scanty income it may well be that the home he furnished to libellant was all that he could afford. Libellant, when she married libellee, was doubtless aware of his condition in life and she married him "for better or for worse." She cannot now be decreed a divorce on the sole ground that her husband insists that she share with him the only home he has, at least in the absence of evidence showing that the conditions in that home are such as to justify her refusal to remain there. No such showing was made in this case.

The decree of the circuit judge is reversed and the cause is remanded to the trial court with instructions to dismiss the libel.

*E. Murphy* for plaintiff in error.

*E. Vincent* for defendant in error.