# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1867.

GEORGE F. BENKERT *v.* RICHILDE BENKERT.

DIVORCE.—If the referee in an action for divorce finds the facts, the Court should disregard the finding and determine the cause upon the evidence.

DIVORCE FOR DESERTION.—The word "wilful," in the phrase "wilful desertion by either party for the period of two years," used in the statute concerning divorces, signifies intentional. Said word does not imply malice.

WHEN DESERTION IS PROVED.—Desertion by husband or wife is made out when. it is shown that the absence commenced and has continued during two years, without the consent and against the objections of the other party.

CONDONATION OF DESERTION.—If the desertion of husband or .wife has continued for two years, the offer of the offending party to return and live and cohabit with the other will not defeat an action for a divorce, unless the offer is accepted and acted on. An offer to receive the offending party may be withdrawn.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Theodore H. Hittel,* for Appellant.

The learned Court below seemed to think that the deser-
tion, though actual and without good cause, was not *wilful.*
It was not pretended that there had not been actual desertion,
nor was it pretended that the defendant's return after over
four years for the purpose of preventing a divorce, was any
excuse ; but, neither the going without the husband's consent,
nor the remaining away without his consent, was considered
wilful.

The provision in the statute in relation to wilful desertion,
covers a case of intentional desertion.   Desertion can be
proved without showing violence of act or language.   (*Mor-
rison* v. *Morrison,* 20 Cal. 431 ; *Hall* v. *Hall,* 4 Allen, 39 ;
*Leavitt* v. *Leavitt,* Wright, 719 ; *Guembell* v. *Guembell,* Id.
226 ; *Evans* v. *Evans,* 5 Ben. Monroe, 278 ; 2 Bishop on
Divorce, 673.)

*R. A. Thompson,* and *J. A. Woodson,* for Respondent.

The case of *Hardenburg* v. *Hardenburg,* 14 Cal. 654, is
evidently the rule of this Court upon wilful desertion.   To
some extent the circumstances are similar.   Up to the hour
of parting in this case, as in that, the parties cohabited
together as man and wife, and, as say the Court in the case
referred to, " the intercourse of the parties seems to have
been of the most pleasant and agreeable character.   Their
treatment of each other was at all times kind and affection-
ate."

In *Hardenburg* v. *Hardenburg,* the plaintiff could not
induce the defendant to consent to accompany him to Califor-
nia—the Court say it was a proposition addressed to the dis-
cretion of the wife, and so refuse a confirmation of the decree.
So here, the objections of the plaintiff were such only as were
addressed to the discretion of the wife, and all the evidence
shows she so only regarded them.   Hence there was no wilful
desertion.

By the Court, RHODES, J.:

The Court Commissioner to whom this case was referred reported the evidence and also the facts as found by him. It is provided by the supplementary Act of 1857 concerning divorces (Stats. 1857, p. 240) that it shall not be lawful for the Court to grant a divorce " upon any statement or finding of facts by a referee, but only upon the legal testimony taken in the cause." - The finding of a Court Commissioner is included within the spirit and meaning of the prohibition, and the Court accordingly determined the cause upon the testimony without regard to the finding of facts filed by the Court Commissioner. The Court refused a divorce and dismissed the bill, and the question presented is whether the evidence justified the decision. The record does not indicate the ground upon which the Court placed the decision ; but it would appear from the plaintiff's brief that it was on the ground that the evidence did not show that the desertion was wilful.

One of the causes for a divorce, enumerated in the fourth section of the Act concerning divorces, is " wilful desertion by either party for the period of two years." It appears from the evidence that the defendant left the residence of the plaintiff in Philadelphia in 1861 and went to Germany, where she remained until October, 1865 ; that the parties have not cohabited since the defendant left for Germany ; that she left the plaintiff and remained absent from him during all that period without his consent and against his objections ; that she returned from Germany to New York in November, 1865 ; that neither at the time she left the plaintiff in 1861, nor during her absence until shortly before her return, had she any intention of returning to the United States or of cohabiting with the plaintiff ; that she returned with the intention of offering and did offer to live with the plaintiff ; that in April, 1865, he wrote to her that if she did not return that summer she should never return ; that he was not aware of her return until January, 1866, and that upon her offer at that time to live with him he refused to receive her. It thus clearly

appears that she had deserted the plaintiff for more than the period of two years, and the inquiry is now presented whether the evidence brings the case within the statute as being wilful.

Bishop, in his work on marriage and divorce, says (Sec. 506): "The offense of desertion is obviously composed of—first, an actual breaking off of the matrimonial cohabitation; secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete." The desertion must be wrongful—that is to say, without sufficient justification or excuse. If the parties have separated by mutual consent neither can say that the absence of the other was wrongful, at least not until the consent was revoked, though each may have intended to abandon the other. When one party, by force or fraud, by acts, words or general conduct, causes or induces the other to break off the matrimonial cohabitation, he cannot complain, for the desertion was the result of his own wrong. A sufficient excuse would of course obviate the wrong of the desertion. "Wilful" ordinarily signifies intentional, and that, we think, is its signification here. It does not imply any malice or wrong toward the other party. The word does not seem to have limited the meaning of the term "desertion," as construed in the cases and employed by text writers. The cessation of matrimonial cohabitation is never treated as desertion unless it is both intentional and wrongful. There may be a malicious intent in the desertion, but its presence is accidental. It does not form a necessary ingredient of the offense.

Accepting the term wilful desertion as importing an intentional and wrongful cessation of matrimonial cohabitation, the charge we think is fully proven. There is no rule requiring the injured party to interpose either force or positive commands. The desertion is made out when it is shown, as in this case, that the absence commenced and has continued during the prescribed period, without the consent and against the objections of the other party. The defendant left and

remained absent from her husband without justification or excuse.

The counsel for the defendant urge that she repented her act " prior to the desertion culminating or his gaining a right under the statute." She manifested no intention of returning until long after the period of two years of wilful desertion had elapsed. Her repentance did not obliterate the offense. If it had been accepted and acted on by the plaintiff, by receiving her and renewing the cohabitation, it would be regarded as a condonation. But he may, after the lapse of the statutory period, refuse to accept the offer. Bishop, Sec. 530, in speaking of the offer to return, says that if it is made in good faith within the period prescribed by the statute to complete the offense, it will bar the suit. " But after the time has expired and the right of action has fully accrued, the injured party is not obliged to accept such an offer; it comes too late."

The letter of April, 1865, which may be construed as an offer on the part of the plaintiff to receive the defendant, should she return during the ensuing summer, does not preclude him from availing himself of the remedy which the law affords him for the desertion. It was not binding upon him unless accepted and acted upon. Until the cohabitation was renewed he was at liberty to retract the offer. It does not appear that he was apprised of her intention to return until January, 1866, and he may well have thought she again refused, as she had previously done, to comply with his request to return and live with him as his wife.

We are of the opinion that the evidence authorized and required the Court to grant a divorce.

Judgment reversed and cause remanded with directions to enter a decree for the plaintiff as prayed for in his complaint.

Mr. Justice SHAFTER did not express any opinion.