JAMES H. JOHNSON

*v.*

MARGARET H. K. JOHNSON.

[Filed December 17th, 1903.]

1. That married persons do not live together during the pendency of a suit between them for divorce, is a justifiable separation, and not an obstinate desertion, if the suit be prosecuted in good faith.

2. In ascertaining and computing the term of two years of defendant's desertion in a petition for divorce, no part of the time during which a previous suit for divorce was pending between the same parties can be estimated as part of the period of desertion, because during that time the separation is not obstinate.

3. *Quære.* If it be that the parties have lived separately more than two years, but previous divorce suits so intervene that omitting the period of their pendency from the computation the parties have not lived apart for any two continuous years, can it be said there has been a continuous desertion for the period of two years?

On petition for divorce. Answer and proofs.

*Mr. William I. Garrison,* for the petitioner.

*Mr. Howard Carrow,* for the defendant.

GREY, V. C. (orally).

The bill in this case is filed for a divorce from the bond of matrimony because of alleged desertion by the defendant.

The dates of the marriage and of the alleged desertion, as stated in the bill, were amended at the hearing. As so amended, they allege the marriage to have taken place on the 12th day of October, 1897, and that the defendant wife deserted the petitioner on the 26th day of May, 1900, and that she has since that time willfully, continuedly and obstinately deserted him, with a prayer for divorce *a vinculo matrimonii.*

Johnson *v.* Johnson.

The defendant answers the bill, denying any desertion on her part and alleging cruel and barbarous treatment of herself by the petitioner, resulting in several separations, until finally, on the 26th day of May, 1900, the defendant alleges that the petitioner deserted her, and that for more than two years last past he has willfully, continuedly and obstinately deserted her. While the defendant fully answers the petitioner's complaint, she asks no cross-relief against the petitioner.

The case, as presented by the pleadings, is therefore a petition against the defendant asking a divorce on the ground of desertion, and an answer by the defendant denying any such desertion.

At the hearing the petitioner sought to prove that the defendant, who undoubtedly separated herself from the petitioner on the 26th day of May, 1900, and has not since lived with him, did on that day desert him, and that she has continued to desert him ever since, obstinately and against his will. The testimony exhibited many petty infelicities of married life and an entire absence of those mutual considerations and concessions which are necessary to the happiness of the marriage relation. I do not deem it necessary to pass upon the relative contributions of the petitioner and the defendant to the production of the state of affairs presented by the proofs, because the evidence exhibited shows one element which is absolutely controlling in such a suit as that presently under consideration.

The petition in this case was filed on the 24th day of February, 1903, under the provisions of the Divorce act. *P. L. of 1902 p. 502,* &c. That statute provides that divorces from the bond of matrimony may be decreed for the cause of willful, continued and obstinate desertion for the term of two years. The term of two years, during which the desertion must have been willfully and obstinately continued, must have expired before the filing of the bill of complaint or petition.

In the course of the testimony it was proven that on the 26th day of July, 1901, the petitioner filed a previous petition for divorce against the defendant in this case, on the ground of adultery, and that this petition was dismissed on the 31st day of March, 1902. It was also proven that the defendant in this

Johnson *v.* Johnson.

case filed her petition against her husband, the petitioner herein, on the 18th day of June, 1902, for divorce, on the ground of desertion, and that her petition was dismissed in the month of January, 1903.

In order to maintain his right to a decree, the petitioner must prove not only a willful and continued desertion, but an obstinate one. Although the wife's desertion from the husband may have continued for the term of two years, and may have been willful on her part, yet if she had a justifiable cause for living in a state of separation from her husband, it was not an obstinate desertion of him.

In the case of *Weigel* v. *Weigel* in this court, reported in *18 Dick. Ch. Rep. 677,* and affirmed on appeal, it is recognized that the pendency of a divorce suit between a husband and wife is a justifiable cause for their living separately from each other, for the reason, if the previous suit were based on alleged adultery, that living together would presumptively condone it, and if for desertion, would have the same effect. That decision declared that no part of the time during which a previous suit was pending can be computed in any subsequent suit as part of the period of desertion. Other cases may be found to the same effect in the decision above stated. The judgment in the case of *Weigel* v. *Weigel* turned upon an exception to this rule. In that case it appeared that the previous suit had been brought in bad faith, upon allegations of fact as grounds for a decree which were known to the complainant to be false at the time they were asserted.

In the case now before me there has been neither proof nor claim that either of the previous suits between the parties to this suit was brought in bad faith, or upon grounds known by the party bringing it to have been false in fact. This case is therefore within the rule declared in *Weigel* v. *Weigel* and not within the exception there stated.

Applying the principles of that decision to this case, no portion of the time during which either of the previous divorce suits between the parties to this cause were pending, can be computed in making up the term of two years, during which

Johnson *v.* Johnson.

the desertion of the defendant in this case must have been willful, continued and obstinate, in order to entitle the petitioner to a decree.

Both parties agree that their separation took place on May 26th, 1900. If it be assumed, for the purposes of this inquiry, that this separation was the fault of the wife (and upon this I make no determination), then a period of two years, eighteen months and twenty-nine days has elapsed during which the parties lived in a state of separation; but from this period must be deducted that portion of time during which each of the previous divorce suits was pending. The first suit was the husband's petition for divorce because of the alleged adultery of his wife, begun July 26th, 1901, and dismissed March 31st, 1902, therefore continuing eight months and five days. The next suit was the wife's petition for divorce for desertion, begun June 18th, 1902, and discontinued about March, 1903, therefore continuing for more than six months. Neither of these portions of time can be computed as part of the term of the alleged desertion in this cause. Together they make more than fourteen months, which, if deducted from the whole period of separation and alleged desertion, leaves but eighteen months of the separation which can be computed as the period of desertion, while the statute requires a full term of two years.

Under all the decisions there appears to be no question that the time during which previous divorce suits were pending cannot be computed as part of the term of two years' desertion in the later suit, unless, as above stated, it appears that the previous suits were brought in bad faith, which is not claimed in this case.

An interesting question may also be raised, whether in this case there ever has been a term of two years during which there was a *continued* desertion if the periods of pendency of the former suits cannot be computed. These suits have interrupted the continuity of the term of separation of the parties, so that there never was any term of two consecutive years during which the desertion could have continued, unless the period of the pendency of one or the other of these suits is

computed. This contention, if sustained, would be another ground in favor of the defendant in this suit. I do not find it necessary to pass upon the point.

The petition must be dismissed, with costs, upon the grounds above stated.