[S. F. No. 3340. In Bank.—May 27, 1905.]

# SOLOMON A. KUSEL, Appellant, v. CAROLINE KUSEL, Respondent.

DIVORCE—DESERTION—FAILURE TO FIND UPON ISSUE.—In an action of divorce by the husband against the wife, where the complaint charges desertion as a ground of divorce, and the answer takes issue thereupon, the failure of the court to find at all upon that issue is ground of reversal of a judgment for the defendant.

ID.—INSUFFICIENT FINDING AS TO CURE OF DESERTION.—A finding showing a return by the wife to the husband, and an offer by her to fulfill the marriage contract, and to live and cohabit with the husband, but which does not state either that condonation was then solicited, nor that the return and offer were within the statutory period required to make the desertion a ground of divorce, is insufficient to show a cure of the desertion under section 102 of the Civil Code.

ID.—LAPSE OF STATUTORY PERIOD—DATE OF DESERTION AND OF OFFER—PRESUMPTION—CONSTRUCTION OF FINDING.—For the purpose of the question as to an offer to return within the statutory period, it must be presumed that the date of desertion was that alleged in the complaint; and where the answer alleged an offer to return at a date more than two years thereafter, and no other offer was proved, a finding that the offer was made long before the commencement of the action, but giving no date, cannot be assumed, in support of the judgment, to refer to any offer other than that alleged, or to one within the statutory period.

ID.—FACTS FOUND AS SUBSTITUTE FOR A FINDING UPON ULTIMATE FACT.—Where particular facts found are relied upon as a substitute for a finding upon the ultimate fact alleged and put in issue, the particular facts must be inconsistent with the fact which they tend to negative, and every particular fact necessary to constitute the negative must be stated in its finding.

ID.—PENDENCY OF UNFOUNDED ACTION FOR DIVORCE BY WIFE—FINDING AGAINST GROUND ALLEGED—GOOD FAITH NOT FOUND.—A finding that an action of divorce was instituted by the wife immediately after the date of the alleged desertion, on the ground of alleged cruelty of the husband, which was not maintained, and was unfounded, which omits to state that it was begun by the wife in good faith, does not show a pending litigation inconsistent with the desertion alleged.

ID.—BURDEN OF PROOF AS TO GOOD FAITH.—The burden of proof to show that an unfounded action for divorce begun by the wife was begun by her in good faith is upon the wife, and there can be no presumption that she acted in good faith in bringing it.

ID.—SUBSEQUENT ACTION FOR MAINTENANCE—FINDING.—A subsequent action for maintenance, begun by the wife, could have no effect

upon the running of the statutory period of one year necessary to make the wife's desertion a cause for divorce; and a finding as to such action cannot dispense with a finding upon the issue as to such desertion in the husband's action for divorce.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  F. J. Murasky, Judge.

The facts are stated in the opinion of the court.

H. H. North, Henry E. Monroe, S. A. Kusel, and Truman & Oliver, for Appellant.

Riordan & Lande, for Respondent.

SHAW, J.—This is an appeal by the plaintiff in an action for divorce from a judgment in favor of the defendant. The evidence is made part of the record by a bill of exceptions.

The cause of divorce alleged in the complaint is desertion. The charge is, that the defendant on December 8, 1896, without cause, deserted and abandoned plaintiff, without his consent, and with the intention to desert and abandon him, and ever since has and still continues, willfully and without cause, to desert plaintiff and live separate and apart from him against his will. The answer denies each of these allegations, and for an affirmative defense alleges that on the 29th of May, 1899, in good faith, she went to the plaintiff's residence and offered to return to and live with the plaintiff, and requested that plaintiff receive her into his home as his wife and live with her as his wife, and that the plaintiff refused to receive her, and still refuses to live with her or give her any support, and has deserted her.

We think the judgment must be reversed by reason of the failure to find upon the issues thus presented. There is no finding at all upon the allegations of the complaint with respect to the desertion. Other facts are found which the defendant claims exclude the possibility of there having been a desertion of the plaintiff by the defendant. Findings 9 and 10 are as follows:—

"9. That long prior to the commencement of this action, this defendant personally and in good faith returned to the family dwelling-place and to plaintiff and offered in good faith to fulfill the marriage contract and to live and cohabit with plaintiff as husband and wife. ·

"10. That plaintiff refused such offer and such refusal was and is unjustified."

It is claimed by the defendant that these findings show that the desertion charged in the complaint was cured, under the provisions of section 102 of the Civil Code. This contention cannot be maintained. That section is as follows: "If one party deserts the other, and before the expiration of the statutory period required to make the desertion a cause of divorce returns and offers in good faith to fulfill the marriage contract, and solicits condonation, the desertion is cured. If the other party refuse such offer of condonation, the refusal shall be deemed and treated as desertion by such party from the time of refusal." The findings quoted do not come within the provisions of this section for two reasons. First, it does not state that the defendant solicited condonation in connection with her return and offer to fulfill the marriage contract. The section quoted makes this an essential part of the offer. Condonation implies something more than a mere resumption of marriage relations. By section 115 of the Civil Code it is declared that "Condonation is the conditional forgiveness of a matrimonial offense constituting a cause of divorce." By section 116 the reconciliation and remission of the offense by the injured party is made necessary to condonation, and by section 117 it is provided that condonation implies the condition subsequent; that the forgiving party must be treated with conjugal kindness. It does not appear that the defendant acknowledged any fault, expressed regret, or asked forgiveness. There is nothing in the findings from which it can be assumed or implied that she solicited condonation. Second, the finding does not show that the offer referred to was made before the expiration of the statutory period required to make the desertion a cause of divorce. (*Benkert* v. *Benkert,* 32 Cal. 467.) The allegation is, that the desertion took place on the 8th of December, 1896. The claim of the defendant that these findings preclude the possibility of there having been an effective statutory desertion necessarily implies that there had been a desertion, but that it was cured by reason of the offer to return. The statement that this offer to return was made long prior to the commencement of the action is not equivalent to a statement that it was made within one year after the 8th of December,

1896. For the purposes of this question we must presume that to have been the date of the act of desertion. These findings were manifestly made in response to the affirmative defense of the answer, which avers that the offer was made on May 29, 1899. This action was begun July 1, 1899,—but little over a month after the time at which it was alleged the offer to return took place. There is no evidence of any offer to return except at the time alleged, and the insufficiency of the evidence to show any other offer is asserted by a specification to that effect. In view of these circumstances we cannot assume in support of the judgment that these findings refer to an offer to return at some other date than that alleged.

Defendant contends further that the facts stated in finding eight concerning intermediate litigation between the parties show that there was no desertion by the defendant, or that if she did commit the act of desertion by leaving him on December 8, 1896, the subsequent separation did not maintain for one whole year the character of a statutory desertion. Finding eight in substance is, that the defendant on December 8, 1896, began a suit against the plaintiff for divorce on the ground of extreme cruelty; that upon the trial of said action a judgment of nonsuit was entered on August 10, 1897; that thereafter, on November 22, 1897, she began another suit against him for maintenance; that in the action for maintenance, on March 13, 1898, he filed a cross-complaint asking for divorce; that this action was tried on March 6, 1899, and on May 23, 1899, judgment was ordered therein dismissing his cross-complaint, and in his favor on the question of maintenance; that on June 12, 1899, and before entry of judgment, she filed a supplemental complaint in the action for maintenance, and on July 1, 1899, he withdrew his cross-complaint in that action and on the same day began the present action of divorce. The finding further states that there had been no extreme cruelty committed on the defendant by this plaintiff, nor any threats of bodily harm made by him against her, nor any acts on his part from which bodily injury could be reasonably apprehended by her. The proposition contended for by the defendant is, that it is not desertion for one spouse to live apart from the other while an action for a divorce is pending between them. This

proposition cannot be sustained in the broad sense in which
it is made. It may be admitted, for the purposes of the case
only, that where a wife in good faith begins an action for a
divorce against the husband, and immediately separates her-
self from him, for the reason that it would not be proper
for her to live with him while she was prosecuting an action
for divorce against him, such separation will not constitute
desertion within the meaning of the law, although in fact the
suit was unfounded. But, on the other hand, it will not be
contended that a wife who intends to desert her husband can,
with that intent, leave his residence and live separate from
him, and at the same time destroy the effect of the desertion
by immediately beginning an unfounded action for divorce
against him. The action must be begun in good faith in
order to have the effect contended for. Under the facts found
in this case there can be no presumption that the wife acted
in good faith. She has the burden of proving that fact. The
court expressly finds that there was no foundation for the
action; that there had been no extreme cruelty inflicted by
him upon her. As we have said, in the consideration of
this question it must be assumed that she left his house, as
alleged, on December 8, 1896. The contention of the defend-
ant is, that the particular findings we have mentioned are
necessarily inconsistent with the allegations of the complaint
characterizing the separation as desertion by the wife. Where
the particular facts found are relied upon as a substitute
for a finding upon the ultimate fact alleged, the particular
facts must be inconsistent with the fact which they tend to
negative, and every particular fact necessary to constitute
this negation must be stated in the finding. We cannot,
under the particular facts found, assume that the suit of the
defendant against the plaintiff for divorce on the day she
left him was begun in good faith. The finding that no such
cruelty existed, although it may not exclude the possibility
of the suit having been begun in good faith, would at least
destroy any presumption to that effect. In the absence of
good faith, it is clear that the beginning of the action cannot
transform a causeless abandonment of the marital domicile
into an innocent absence or into a separation brought about
through the fault of the husband. The subsequent action
for maintenance could have no effect whatever upon the run-

ning of the statutory period of one year necessary to make the wife's desertion a cause of divorce. It implies a belief on her part that he had deserted her. That being the case, there was no impropriety in her returning to him and offering to again live with him. If he accepted the offer, there would be no necessity for the suit. If her belief was a mistaken one, and she was herself the deserting party, her action for maintenance would not excuse or give an innocent character to her continued absence. These findings are therefore not inconsistent with the allegation that she deserted the plaintiff on December 8, 1896. The record stands with no finding on that issue. It is well settled that where the court fails to find upon a material issue the judgment is unsupported and will be reversed upon appeal. (*Speegle* v. *Leese*, 51 Cal. 415; *Golson* v. *Dunlop*, 73 Cal. 161; *Leviston* v. *Ryan*, 75 Cal. 294; *Connolly* v. *Hingley*, 82 Cal. 643; *Monterey County* v. *Cushing*, 83 Cal. 510.)

The judgment is reversed and the cause remanded for a new trial.

McFarland, J., Angellotti, J., Beatty, C. J., Van Dyke, J., and Lorigan, J., concurred.