[Civ. No. 2015.   Second Appellate District.—November 17, 1916.]

JOSEPH ROSE SILVA, JR., Respondent, v. AMELIA ROSE SILVA, Appellant.

DIVORCE — DESERTION — CONTINUANCE FOR ENTIRE YEAR NECESSARY. — Separation by consent is not sufficient to constitute desertion, and where there has been desertion in fact it must continue for the entire period of a year in order to constitute a ground for divorce.

ID.—SEPARATION AGREEMENT—CONDONATION.—An agreement executed by a husband and wife eight days after the desertion of the former by the latter, by which they mutually agree to live separate and apart from each other, is in the nature of a condonation, and in effect the same as though defendant had returned to her home, and after the restoration of the marital relation for a time had again left with intent to desert plaintiff, the date of desertion being the last departure; and an action for divorce brought within a year from the latter date is premature.

ID. — SEPARATION AGREEMENT — WHEN BINDING. — A separation agreement in the absence of a claim that the signature of either party was obtained by fraud, duress, or undue influence, and no reformation being sought for mutual mistake, is binding, although one of the parties claims that she did not intend to sign a contract of separation, and did not understand its terms when she executed it, and that the other party did not understand its purport, and therefore there was no meeting of minds.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Robert M. Clarke, Judge.

The facts are stated in the opinion of the court.

D. H. Laubersheimer, for Appellant.

C. F. Blackstock, for Respondent.

SHAW, J.—Plaintiff brought this action to obtain a decree of divorce upon the ground of desertion. Defendant answered, denying the alleged desertion, and as a further defense, and by way of recrimination, set forth a cause of action against plaintiff based upon his alleged willful neglect and extreme cruelty.

Upon trial of the action the court found the allegations of the complaint true, and that the matters affirmatively pleaded in defendant's answer as a bar to plaintiff's cause of action were untrue. An interlocutory decree for plaintiff followed. The appeal is prosecuted by defendant from an order of court denying her motion for a new trial.

Among other grounds upon which appellant asks for a reversal is the contention that the evidence is insufficient to support the finding to the effect that on October 15, 1911, defendant willfully and without cause deserted and abandoned plaintiff against his will and without his consent, and *ever since said date* has lived and still continues to live separate and apart from plaintiff, *against his will and without his consent.*

It may be conceded that the separation of defendant from plaintiff on October 15, 1911, was with the intent to desert him without just cause and against his consent. Such fact, however, does not entitle plaintiff to a decree of divorce, since as provided in section 107 of the Civil Code, the status existing at the time of the desertion must continue for a period of one whole year. Separation by consent is not sufficient to constitute desertion. (Civ. Code, sec. 99.) During the entire period the status must be without the consent of the deserted spouse. "It continues only so long as there is a want of consent to the separation on the part of the deserted party." (*McMullin* v. *McMullin*, 140 Cal. 112, [73 Pac. 808.] The complaint herein was filed on October 18, 1912, more

than one year after the date of the desertion, during the whole of which period defendant had separated herself from plaintiff. It appears, however, that on October 23, 1911, eight days after defendant's act of desertion, she and the plaintiff executed a written instrument in due form, whereby they mutually agreed to live separate and apart from each other. It thus appears that during a part of the time, dating from October 15, 1911, and ending October 18, 1912, at which time the complaint was filed, the separation was by mutual consent, as evidenced by this instrument in writing so executed by the parties. Such consent, however, as provided in section 101 of the Civil Code, is a revocable act, and if one of the parties afterward in good faith seeks a reconciliation and restoration which the other refuses, such refusal is desertion. There was evidence offered on the part of plaintiff which it is claimed tended to prove that on the date of the execution of the agreement to live separate and apart, plaintiff, in good faith, sought a reconciliation with defendant and asked her to go home with him. Upon this testimony, while conceding the execution of the agreement, respondent insists it was revoked on the same day it was executed. Assuming this to be true, nevertheless, there was a period of time between October 15, 1911, and October 18, 1912, when the separation was by virtue of said agreement and by and with the consent of plaintiff. According to our view, the execution of the instrument was in the nature of a condonation, and the effect of it was precisely the same as though defendant had returned to her home and after a restoration of the marital relation for a time, had again left with intent to desert plaintiff. The time of the desertion would date from the last departure, and not from the time when she first left. So in this case, the one year during which the desertion must continue must be deemed to have commenced at the time the plaintiff revoked the agreement under and by virtue of which the parties lived separate and apart, and not from October 15th, when defendant left him. In our opinion the action was prematurely brought, inasmuch as the desertion by defendant had not continued one year prior to the time when the complaint was filed on October 18, 1912.

Respondent insists that the formal written agreement, duly executed by the parties, should be deemed invalid as an agreement of separation, for the reason that defendant did not

intend to sign a contract of separation and did not understand its terms when she executed the same; and likewise insists that plaintiff did not understand its purport when he executed it, and therefore since the minds of the parties never met, the document constituted no valid contract between them. No claim is made that the signature of either party to the instrument was obtained by fraud, duress, or undue influence; nor is reformation thereof sought for mutual mistake. So far as appears from the record, they signed it freely and voluntarily, and it is unnecessary to cite authorities in support of the doctrine that under such circumstances the parties to an instrument must be deemed bound by the plain import of the language used.

For the reasons given, the order denying defendant's motion for a new trial is reversed.

Conrey, P. J., and James, J., concurred.