# CHARLESTON.

### R. E. VICKERS *v.* VICTORIA T. VICKERS.

Submitted December 4, 1923. Decided January 9, 1924.

1. JUDGMENT—*Decree in Wife's Maintenance Suit, Where Husband's Defense Was Cruelty, Res Judicata As to Cruelty in Husband's Subsequent Suit for Divorce.*

    A wife sues for maintenance; the husband defends on the ground of cruelty; a final decree is entered in her favor. Thereafter the husband brings suit for divorce, alleging that the acts of cruelty complained of in his answer in the suit for maintenance necessitated his leaving her, wherefore she was guilty of desertion. The decree in the maintenance suit is res adjudicata as to the acts of cruelty alleged in his suit for divorce. (p. 327).

2. DIVORCE—*Desertion Must be Willful and Continuous for Three Full Years.*

To warrant a decree of absolute divorce on the ground of willful desertion or abandonment under section 5, chapter 64, Code, the abandonment or desertion must not only be willful but must be continuous for three full years. (p. 328).

3. SAME—*Period Husband's Divorce Suit Pending Not Counted as Part of Statutory Period of Desertion.*

Where the husband leaves the wife and thereafter while living separate and apart from her, in good faith, prosecutes a suit for divorce on the ground of cruelty, the period such suit is pending is not to be counted as a part of the three years' wilful abandonment or desertion required to give the wife ground for absolute divorce, under section 5, chapter 64, Code, even though he fails in his suit. (p. 328).

4. SAME—*Husband's Unconditional Bona Fide Offer of Reconciliation Before Lapse of Statutory Period for Desertion Bars Wife's Right.*

Where the husband wilfully abandons his wife and she has brought no suit for divorce from bed and board, and before such abandonment has continued for three full years so as to entitle her to divorce absolute, the husband may make an unconditional bona fide offer of reconciliation and thereby bar her right to divorce on the ground of abandonment. (p. 329).

5. SAME—*Refusal of Wife to Accept Bona Fide Offer of Reconciliation Entitles Husband to Divorce; "Willful Desertion."*

Such offer being made under such circumstances, it is her duty to accept it; and her refusal to do so amounts to willful desertion on her part, giving the husband ground for divorce from bed and board. (p. 329).

Appeal from Circuit Court, Cabell County.

Suit by R. E. Vickers against Victoria T. Vickers. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*Livezey & McNeer,* for appellant.

*D. B. Daugherty and Harold A. Ritz,* for appellee.

MEREDITH, PRESIDENT:

The plaintiff husband was decreed a divorce from bed and board; defendant appeals.

It is necessary to review various suits heretofore pending

between the parties, which we will do as briefly as possible. The parties separated December 30, 1917, the defendant remaining in the home. On July 11, 1918, the husband brought suit in the Cabell County Circuit Court for divorce alleging cruelty; defendant answered, a hearing was had and on March 25, 1919, the suit was dismissed on plaintiff's motion, but without prejudice. The husband immediately brought another suit in the same court for divorce, but failing to file his bill, the cause was dismissed at May Rules following.

On May 1, 1919, the wife brought suit in the same court for maintenance, alleging that the husband had abandoned her without just cause about January 1, 1918, and that he had ever since then refused to live with her or support her, except to furnish her a residence and pay the water, gas, telephone and light bills on the premises. She prayed that he be required to pay her a specific sum per month so long as they should live apart, and certain sums expended by her out of her separate estate for support and maintenance since January 1, 1918. The husband answered her bill; denying the material allegations thereof; averred that he was justified in leaving his wife in December, 1917, on the ground of cruelty. The wife obtained a decree April 15, 1920, for $250.00 per month for maintenance and for other sums for attorneys' fees and expenses. This decree was affirmed by this court on October 18, 1921.

On April 5, 1920, the husband instituted proceedings in the Second Judicial District Court, in Washoe County, Nevada, for a divorce from the defendant, alleging in substance the same matters alleged by him in his answer to her bill for maintenance, filed in the Circuit Court of Cabell County, West Virginia. To his petition she filed answer, pleading the decree of the Cabell County Circuit Court as a former adjudication of the matters set up in the petition. The Nevada District Court decreed in her favor and this was affirmed by the Supreme Court of that state, July 1, 1921. Petition for rehearing was denied, December 3, 1921.

On March 7, 1922, the husband brought this suit in the Court of Domestic Relations of Cabell County. In his original and amended bills he alleged that defendant was guilty of

cruel and inhuman treatment, so much so, that he was com-
pelled to leave his home on December 30, 1917, and she there-
by willfully abandoned and deserted him and still continued
to do so; that on January 26, 1922, he made an offer of
reconciliation and requested his wife to return to and live
with him in apartments provided by him in the city of Hunt-
ington, but that she refused to become reconciled and wholly
ignored his request.

To this bill the wife by pleas and answer pleaded the de-
crees entered by the West Virginia courts and the Nevada
courts as former adjudications of the issues as to cruelty
and the alleged desertion of December 30, 1917; as to the
offer of reconciliation made January 26, 1922, she averred
it was not made in good faith; and she further averred that
the husband willfully abandoned her on December 30, 1917,
and his desertion had continued for more than three years
thereafter, by reason whereof a right to an absolute divorce
had already accrued to her at the time of the alleged offer of
reconciliation, wherefore she was justified in law in refusing
his request and he was barred of relief.

We therefore have three defenses urged:

1. Res adjudicata by the former decrees.

2. Want of good faith in plaintiff's offer.

3. That defendant's right to absolute divorce because of
plaintiff's willful and continuous desertion for three years
had become complete and therefore he could not maintain
his suit on the ground that after the lapse of that period she
refused to live with him.

1. The wife brought suit for maintenance in the Circuit
Court of Cabell County; to this the husband pleaded her
cruelty as a defense. The court found against him on that
issue. He also brought suit for divorce in Nevada on the
ground of cruelty, setting up the same acts of cruelty alleged
in his answer to her bill filed in the Cabell County Circuit
Court. Upon her pleading the former decree, the Nevada
Court found the husband was concluded by it, saying in
point three of the syllabus:

"In husband's suit for divorce for cruelty, a prior

decision, in a suit in another state by the wife for separate maintenance, that the wife was not guilty of cruelty, was res judicata as to the issue of cruelty, where the identical matters were relied on in both suits to establish the wife's cruelty." *Vickers* v. *Vickers*, 45 Nev. 274, 199 Pac. 76, 202 Pac. 31.

This is in accord with our holding in *Kittle* v. *Kittle*, 86 W. Va. 46, 102 S. E. 799; *Purcell* v. *Purcell*, 4 Hen. & Munf. (Va.) 507.    See, *Lang* v. *Lang.* 38 L. R. A. (N. S.) 950. Had she been guilty of cruelty or other offense, sufficient to warrant the court to grant her husband a divorce from bed and board or from the bonds of matrimony, she could not have maintained her bill for maintenance. This was one of the issues necessarily determined in the maintenance suit. We therefore hold that the present decree can not be sustained on any alleged acts of cruelty.

2.    But this is not decisive of the case. His complaint shows that he made an offer of reconciliation, and that she refused to become reconciled, and to live with him, though it is shown that he had a comfortable home for her in the same city where she resided. Notwithstanding a great deal of recent legislation, the husband is still the head of the family, and unless the circumstances be exceptional, he has the legal right to choose the place of the family residence. This is conceded. But defendant claims his offer was not in good faith. The parties testified in chambers; the trial judge heard their testimony and was fully conversant with the whole story. Besides, there is not a word in defendant's testimony tending in the least degree to show that she would be willing to live with plaintiff under any circumstances. Many courts hold that if it be shown that the offer would be futile, no offer need be shown. We need not decide that point. Plaintiff shows that he made the offer by letter; a copy appears in the record. Its receipt by defendant is admitted. Plaintiff testifies it was made in good faith, and the court so found. There is nothing in the record that negatives that finding, so that issue we must resolve in favor of plaintiff.

3.    Defendant's counsel insistently stress the third point. They contend that the husband abandoned and deserted the

wife, without just cause, on December 30, 1917, and continuously refused to live with her up to the date of his offer of reconciliation, January 26, 1922; that at the end of the first three years,. to-wit, December 30, 1920, her right to an absolute divorce because of abandonment and desertion became complete, and therefore he could not thereafter by making an offer of reconciliation, which, being unaccepted, would give him a right to divorce on the ground of desertion. This might be a proper legal conclusion if the facts were as stated; but we must remember that during almost all the time since December 30, 1917, down to the present time, these parties have been in litigation. We must consider what effect this had upon the question. He began his first suit for divorce July 11, 1918, and it was dismissed March 25, 1919; his second suit for · divorce was begun in Nevada April 5, 1920, and finally ended December 3, 1921. Her suit for maintenance was begun May 1, 1919, and was finally ended October 18, 1921, but for the present we may dismiss this from consideration; because the record shows that plaintiff was prosecuting a suit against defendant for divorce from July 11, 1918, to March 25, 1919; the period between March 25, 1919 and January 26, 1922, is only 2 years, 10 months and 1 day.

Under section 5, chapter 64, Code, "Where either party wilfully abandons or deserts the other for three years, a divorce may be decreed to the party abandoned." But the abandonment must be continuous for three full years. Now if the period during which his suit for divorce was pending in Cabell County must be counted out, then three full continuous years did not elapse so as to entitle her to an absolute divorce on the ground of desertion.

But upon what theory can this period be deducted? That his living separate and apart from her during this time was not wilful, but was justified. It would have been highly improper for them to have lived together while the divorce suit was pending. It would have necessarily resulted in the dismissal of that suit on the ground of condonation. While courts encourage condonation; they will not compel it. The law is well stated in *Weigel* v. *Weigel*, 63 N. J. Eq. 677; 52 Atl. 1123, as follows:

"The continued separation of the complainant who is prosecuting a suit for divorce from bed and board on the ground of the alleged extreme cruelty of the defendant, cannot, during the pendency of such a suit, be held to be an obstinate desertion, nor can part or the whole of the period of the pendency of such suit be computed as part of the period of desertion in a subsequent suit between the same parties for divorce on the ground of desertion. If the wife, pending her suit charging her husband with extreme cruelty, continued to cohabit with him, she would prejudice her suit. Her absence is therefore not obstinate but justifiable. In such case it is of no significance whether she succeeds or fails in her suit."

This rule is supported by abundant authority. See *Chipchase* v. *Chipchase*, 48 N. J. Eq. 549, 22 Am. Rep. 588; *Marsh* v. *Marsh*, 14 N. J. Eq. 315, 82 Am. Dec. 251; *Johnson* v. *Johnson*, 65 N. J. Eq. 606, 56 Atl. 708; *Kusel* v. *Kusel*, 147 Cal. 52, 81 Pac. 297; *Haltenhof* v. *Haltenhof*, 44 Ill. Ap. 135; *Doyle* v. *Doyle*, 26 Mo. 545; *Williams* v. *Nona Mills Co.*, 128 La. 811; *Porritt* v. *Porritt*, 18 Mich. 420; *Wagner* v. *Wagner*, 39 Minn. 394; 1 Nelson, Div. & Sep. §93. But the suit must be prosecuted in good faith; that he did so prosecute his suit is not questioned. We need not consider the fact that during a considerable portion of this period, the wife was prosecuting a suit against her husband for maintenance and he was also prosecuting another suit for divorce in Nevada. The fact remains that when he requested her to live with him on January 26, 1922, there had not been three continuous years of unjustifiable and wilful desertion on his part, so that at that time she was not entitled to an absolute divorce because of his desertion. She had brought no suit for divorce from bed and board, as she might have done, so we need not consider what would have been the effect of such a suit on his offer of reconciliation. It is enough to say that no such suit was brought. Her suit was for maintenance, and only for so long as they should live separate and apart from each other; such was the prayer of her bill. When he offered a reconciliation in good faith, it was her duty to accept it; failing to do so, she thereupon deserted her husband,

giving him ground for divorce, and on that ground the trial court decreed in his favor.

We have not only carefully considered the record in this case, but the record in the suit for maintenance, which was exhibited as a part of the record in this case. From the whole record it appears that the wife has abundant means of her own,—is worth upward of $100,000.00; the husband is also well off. She lives in a fine home owned by him. She is content to live separate and apart so long as he is compelled to pay her $250.00 per month for maintenance and furnish her a home to live in, but she will not live with him. She seems to have little concern for their two children, but he is devoted to them, and it was his expressed desire to save their property for them, instead of spending it in litigation. All the equities, as well as the law, are in favor of the husband. We will therefore affirm the decree with costs to the plaintiff.

*Affirmed.*