(No. 22603.—

ELLA E. FLOBERG, Appellant, *vs.* HARRY A. FLOBERG, Appellee.

*Opinion filed December 20, 1934.*

AARON R. EPPSTEIN, and CLAIRE T. DRISCOLL, for appellant.

JOHN R. McCABE, (ALBIN A. PETERS, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

This cause comes here on the appeal of the appellant, Ella E. Floberg, (hereinafter called the complainant,) from a decree of the circuit court of Cook county dismissing the complainant's bill for separate maintenance for want of equity and granting a decree of divorce to her husband on his "cross-bill." The decree required the complainant to convey to her husband, on his payment to her of $1000, all of her interest in certain real estate in the city of Chicago held by them as joint tenants. A freehold being involved, the appeal comes direct to this court. *Lewis* v. *Lewis,* 316 Ill. 447.

On March 1, 1933, the complainant filed her bill charging the defendant, Harry A. Floberg, the appellee herein, with the excessive use of intoxicating liquor, habitual drunkenness and with extreme and repeated cruelty towards her, and averring that by reason thereof she separated from him on November 7, 1932, since which time the parties have lived separate and apart. The defendant filed his answer denying the charges made against him by the bill. On January 4, 1934, he filed what he denominates as his "cross-bill," which by the Civil Practice act is called a counter-claim, alleging that his wife willfully deserted him without reasonable cause on November 1, 1932, and has persisted in such desertion for a period of one year and upwards. The cross-bill stated that the cross-complainant had purchased certain real estate in Chicago, which property had been the residence of the parties; that he had taken title thereto in himself and his wife as joint tenants, and that he had paid for the property out of his own funds and had paid all of the expenses of the up-keep. The cross-bill prayed for divorce and that the court decree all right, title and interest in the premises in the appellee herein.

The parties were married March 15, 1913, in Chicago, and resided there all of their married life. At the time of the trial the appellee was fifty years of age and the complainant was fifty-one years of age. No children were born of the marriage. The parties apparently had no marital difficulties of any considerable moment until after the defendant was out of employment. The home was purchased after the marriage for $8200. The husband went in debt therefor and was still indebted thereon at the time of the trial. He is an electrician, has followed that vocation for over twenty years until 1930, and has worked regularly, earning from $50 to $80 per week. He gave his wife $25 per week for the maintenance of the household. He paid in addition five dollars per week into a Christmas savings fund. He carried $6500 of life insurance payable to her. After 1930 his employment was very irregular and of short duration until November, 1931. In that month he secured a job which lasted until February, 1932. Since that time he has had little employment. When his work fell off he gave his wife $10 or $12 per week and borrowed money on his life insurance and from his brother-in-law on which to live. The complainant and defendant each testified, and each produced the testimony of other witnesses tending to prove some of the issues made, although there was no evidence except that of the complainant that the defendant was ever drunk.

The cause was tried before the chancellor without a jury. He saw and heard the witnesses testify, observed their conduct and demeanor while testifying, and was in a position to, and did, pass upon the credibility of the witnesses. In that situation we will not disturb his finding of facts. (*Reinken* v. *Reinken*, 355 Ill. 539.) The record clearly justified the decree against the complainant on her bill.

The next issue for decision under the facts in the record is whether the trial court, as a matter of law, was

correct in awarding to the appellee a decree of divorce. The State, as the sovereign, has an interest in maintaining the integrity and permanency of the marriage relation. Parties cannot in this State contract for divorce. Neither can a divorce be properly secured by collusion of the parties. The dissolution of the marriage contract can only be granted by a court for some one or more of the causes enumerated in our divorce statute. It is the policy of our courts to give the divorce laws a strict rather than a liberal construction. The statute providing for a divorce on the ground of desertion contemplates a willfulness without any reasonable cause. The living separate and apart by mutual consent of the parties does not constitute a willful desertion within the divorce statute. (*Landreth* v. *Casey,* 340 Ill. 519.) While the point is not raised by the appellant that the full period of one year's desertion had not run at the time of the filing of the cross-bill, yet it is the duty of the court in this character of a case of its own motion to examine that question and determine whether the complainant had deserted the appellee for the period of one full year prior to the filing of the cross-bill. The complainant's bill was filed about four months after the separation of the parties. It is manifest that the one-year period during which it is charged the complainant deserted her husband embraces the time during which her bill against her husband was pending and undisposed of in the circuit court. Her suit for separate maintenance, as the action under the statute is commonly designated, corresponds with the divorce of *a mensa et thoro,* which was the only kind of divorce granted by the ecclesiastical law. The general rule is where a suit for divorce is brought and the same is pending between the parties to the marriage contract, the parties are not only justified in living apart but necessarily must do so. Such living separate and apart does not constitute willful desertion without reasonable cause within the meaning of the Divorce act. It

would be incompatible with a pending suit for the dissolution or modification of the marriage contract for the parties to live together. If the suit is carried on *bona fide,* it is not incumbent, during its pendency, upon either party to resume the marital status. The time so consumed by the litigation cannot be reckoned in the calculation of the statutory period of desertion. The rule applies alike to pending proceedings for separate maintenance under the statute and for divorce. It is "time out." (*Crisler* v. *Crisler,* 156 S. E. (W. Va.) 84; *Hurning* v. *Hurning,* 80 Minn. 373, 83 N. W. 342; *Sperling* v. *Sperling,* 82 Pa. Super. 308; *Porritt* v. *Porritt,* 18 Mich. 420; *Rushmore* v. *Rushmore,* 174 Atl. (N. J. Eq.) 469; *Hartpence* v. *Hartpence,* 95 N. J. Eq. 140, 121 Atl. 513; *Olcott* v. *Olcott,* 26 Atl. (N. J. Eq.) 469; *Johnson* v. *Johnson,* 65 N. J. Eq. 606, 56 Atl. 708; *McLaughlin* v. *McLaughlin,* 107 Atl. (N. J. Eq.) 260; *Kusel* v. *Kusel,* 147 Cal. 52, 81 Pac. 297; *Ford* v. *Ford,* 143 Mass. 577, 10 N. E. 474; *Palmer* v. *Palmer,* 36 Fla. 385, 18 So. 720.) In our opinion the prior suit was prosecuted in good faith. In the case at bar, deducting the time occupied in the litigation occasioned by the wife's suit, the requirement of the statute of willful desertion for one year without reasonable cause is not met. The decree for divorce granted the appellee is not sustained by the law of the State.

The decree, in so far as it dismisses the complainant's bill for want of equity, will be affirmed, and in so far as it granted to the appellee a divorce and other relief on his cross-bill the decree will be reversed, with directions to dismiss the cross-bill (or counter-claim) for want of equity.

*Affirmed in part and reversed in part*
*and remanded, with directions.*