[L. A. No. 16931.   In Bank.—September 19, 1940.]

JACOB O. EWING, Appellant, v. MARIAN W. EWING, Respondent.

Nicholas & Davis for Appellant.

Wood, Crump & Rogers and Guy Richards Crump for Respondent.

EDMONDS, J.—This case came on for trial upon pleadings by which each of the parties charged the other with

cruelty. The appellant then filed an amended complaint alleging a cause of action for wilful desertion and the respondent filed an amended cross-complaint upon the same ground. At the time the suit was brought they had been separated less than three months, but more than one year had elapsed between the date of separation and the filing of the amended pleadings. An interlocutory decree granted the respondent upon her cross-complaint is challenged by the appellant upon two grounds. He asserts that the time during which an action for divorce is pending may not be included in computing the one-year period during which wilful desertion must continue if it is to be the basis for divorce, and that if such period may properly be included, the evidence does not support a finding that his desertion continued for one year prior to the filing of the amended cross-complaint.

Where one spouse withdraws in good faith from the other because it would be improper to live together while divorce proceedings are pending, such separation will not constitute desertion within the meaning of the divorce statute. (*Kusel* v. *Kusel,* 147 Cal. 52 [81 Pac. 297] ; *Vickers* v. *Vickers,* 95 W. Va. 323 [122 S. E. 279, 41 A. L. R. 266] ; *Hurning* v. *Hurning,* 80 Minn. 373 [83 N. W. 342] ; *Floberg* v. *Floberg,* 358 Ill. 626 [193 N. E. 456] ; *Locher* v. *Locher,* 112 N. J. Eq. 25 [163 Atl. 251].) In such a case the parties are not only justified in living apart, but necessarily must do so. However, the rule applies only where the party prosecuting the action for divorce acts in good faith. So it has been held that a wife who deserts her husband cannot destroy the effect of the desertion by immediately beginning an unfounded action for divorce. "In the absence of good faith, it is clear that the beginning of the action cannot transform a causeless abandonment of the marital domicile into an innocent absence or into a separation brought about through the fault of the husband." (*Kusel* v. *Kusel, supra.*)

To sustain the decree in this case, the evidence must show that the appellant left his wife with the intention to desert her, and that his desertion continued for one year. (*Benkert* v. *Benkert,* 32 Cal. 467 ; *Strupelle* v. *Strupelle,* 59 Cal. App. 526 [211 Pac. 248].) Also, Mrs. Ewing must have been willing to have her husband return and resume marital relations during that period. This court has repeatedly held that to constitute a cause of action for divorce, absence must

continue for one year without the consent of the spouse seeking the decree.

The parties were married in Minneapolis and were living there in the fall of 1935 when the appellant came to California. Admittedly there was no separation until that date. He filed suit for divorce less than three months later. When the case came on for hearing, the trial judge stated that "this court is not going to sit through the evidence in support of the allegations of the pleadings in this kind of a case. . . . The case should be tried on an issue of desertion, so I am going to permit each of you to prepare amendments to the pleadings, stating an additional cause of action for desertion." At that time a few days more than one year had elapsed since the commencement of the action.

In conformity with the court's requirement, amended pleadings were filed in which each party asked for a divorce on the ground of desertion. Also, by these pleadings the issue of the appellant's good faith in commencing the action was directly raised. The wife alleged that the suit against her was commenced "without justification or cause". In his answer the husband specifically denied his wife's charge, and affirmatively alleged that he has a good cause of action upon the grounds stated in his complaint. The court made no findings upon this issue, but even if it be assumed that the appellant acted in bad faith, there is no showing of wilful desertion for one year within the meaning of the statute because of the allegations of a cross-complaint filed by the wife less than ten months after the parties separated.

Mrs. Ewing then charged her husband with numerous acts of cruelty and prayed for "an absolute divorce". This action on her part was in effect an assent to the separation and an expression of her desire to terminate the marriage as of that date. From that time until the complaint and cross-complaint were amended, neither party could justly claim that the necessary elements for desertion were present. Even had the trial court found that in October, 1935, the appellant left his wife against her wishes and that his desertion continued although she was willing that he return to her, that attitude certainly did not continue after August 4, 1936, when she asked the court to grant her a divorce upon the ground that her husband's conduct had been such "as to render the continuance of their present relationship in-

tolerable". (*Silva* v. *Silva*, 32 Cal. App. 115, 116 [162 Pac. 142].) The record therefore affirmatively shows that at the time the interlocutory decree was granted, the absence of Mr. Ewing had not continued for the prescribed period without the consent and against the objections of his wife.

The judgment is reversed.

Houser, J., Shenk, J., Spence, J., *pro tem.*, Curtis, J., and Gibson, C. J., concurred.