[Civ. No. 13673.   Second Dist., Div. One.   June 29, 1942.]

JAMES ROBERT BROOKS, Respondent, v. BESSIE MARIE BROOKS, Appellant.

Perry F. Backus for Appellant.

Newby & Newby for Respondent.

YORK, P. J.—Plaintiff and defendant intermarried on September 29, 1936, and separated on or about June 28, 1940, there being no children of the union.

On July 22, 1940, plaintiff husband filed his complaint for

divorce alleging extreme cruelty as the ground therefor, to which defendant wife's demurrer was sustained, and on August 16, 1940, husband filed his amended complaint in which he more specifically alleged the acts of cruelty on the part of defendant wife. On February 4, 1941, defendant filed her cross-complaint and on March 14, 1941, her supplemental cross-complaint for divorce both of which alleged cruelty on the part of the plaintiff and cross-defendant husband.

The cause came on for trial on August 1, 2 and 4, 1941, and upon the conclusion of the introduction of evidence, plaintiff husband made a motion in open court for leave to file a supplemental amended complaint to conform to proof, alleging a cause of action for divorce on the ground of wilful desertion by defendant wife. This motion was granted, service of a copy of said supplemental amended complaint was made in open court, the original supplemental amended complaint was filed on August 4, 1941, and it was announced by the court that the allegations thereof would be deemed denied. "The parties introduced evidence in support of the allegations of their respective pleadings"; the court made its findings of fact and conclusions of law to the effect that "the plaintiff is entitled to a divorce from the defendant on the ground of wilful desertion," and on August 26, 1941, an interlocutory decree of divorce was accordingly entered, specifically dividing certain personal property between the parties; ordering the cancellation of a homestead selected by defendant wife from the separate property of plaintiff husband, and ordering plaintiff husband to pay to defendant wife $650 for her support and maintenance in monthly installments of $50 each beginning August 19, 1941. Thereafter, defendant made her motion for a new trial which was by the court denied.

This appeal is prosecuted by defendant wife from that portion of the judgment which grants to plaintiff husband "an interlocutory decree of divorce on the ground of desertion, as well as that part thereof purporting to cancel the homestead and set aside the same to the plaintiff above named."

■ Appellant urges that the supplemental amended complaint to conform to proof was simply an amended complaint referring back to the commencement of the original action; that "wilful desertion as a cause of action for divorce in this state is a separation by one of the parties, *against the will and*

*without the consent of the other, for a period of one year"*; and that "By the filing of his several complaints and answers his (husband's) record 'affirmatively' shows that his wife's absence was not without his consent"; but that "after his commencement of the action the separation was *with* his consent." (Emphasis included.) In support of this position, appellant cites the case of *Ewing* v. *Ewing*, 16 Cal. (2d) 208 [105 P. (2d) 586].

Said cited case "came on for trial upon pleadings by which each of the parties charged the other with cruelty. The appellant (husband) then filed an amended complaint alleging a cause of action for wilful desertion and the respondent (wife) filed an amended cross-complaint upon the same ground. At the time the suit was brought they had been separated less than three months, but more than one year had elapsed between the date of separation and the filing of the amended pleadings. An interlocutory decree granted the respondent upon her cross-complaint is challenged by the appellant upon two grounds. He asserts that the time during which an action for divorce is pending may not be included in computing the one-year period during which wilful desertion must continue if it is to be the basis for divorce, and that if such period may properly be included, the evidence does not support a finding that his separation continued for one year prior to the filing of the amended cross-complaint." (*Ewing* v. *Ewing, supra.*)

It was there held at page 209: "To sustain the decree in this case, the evidence must show that the appellant left his wife with the intention to desert her, and that his desertion continued for one year. (*Benkert* v. *Benkert*, 32 Cal. 467; *Strupelle* v. *Strupelle*, 59 Cal. App. 526 [211 Pac. 248].) Also, Mrs. Ewing must have been willing to have her husband return and resume marital relations during that period. This court has repeatedly held that to constitute a cause of action for divorce, absence must continue for one year without the consent of the spouse seeking the decree." The court then continues that the action of Mrs. Ewing in filing a cross-complaint less than ten months after the parties separated in which she charged her husband with numerous acts of cruelty and prayed for an absolute divorce "was in effect an assent to the separation and an expression of her desire to terminate the marriage as of that date. From that time until the com-

plaint and cross-complaint were amended, neither party could justly claim that the necessary elements for desertion were present. Even had the trial court found that in October, 1935, the appellant left his wife against her wishes and that his desertion continued although she was willing that he return to her, that attitude certainly did not continue after August 4, 1936, when she asked the court to grant her a divorce upon the ground that her husband's conduct had been such 'as to render the continuance of their present relationship intolerable.' (*Silva* v. *Silva,* 32 Cal. App. 115, 116 [162 Pac. 142].)''

In the instant case the appellant wife left respondent husband on June 28, 1940, and on July 22, 1940—24 days later —husband filed his action for divorce on the ground of cruelty alleging that the conduct of his wife had ''completely wrecked and destroyed the legitimate ends and objects of the marital relation of plaintiff and defendant.'' While it is true that slightly more than one year elapsed between the time appellant wife separated from her husband and the date on which said husband filed his supplemental amended complaint on the ground of desertion alleging ''That on or about the 28th day of June, 1940, the defendant Bessie Marie Brooks, disregarding the solemnity of her marriage vow, wilfully and without cause, deserted and abandoned the plaintiff and ever since has and still continues to so wilfully and without cause desert and abandon said plaintiff and live separate and apart from him, without sufficient cause or any reason, and *against his will and without his consent''*; nevertheless, his action for absolute divorce on the ground of cruelty which he filed on July 22, 1940, ''was in effect an assent to the separation and an expression of [his] desire to terminate the marriage as of that date.'' (*Ewing* v. *Ewing, supra.*) As result, an essential element of a cause of divorce on the ground of desertion is lacking, to-wit: Continuous absence for one year without the consent of the spouse seeking the decree. For the reasons stated, appellant's contention in this regard must be sustained.

Whether the supplemental amended complaint was merely an amendment to the original complaint or was ''in reality a substituted pleading, complete in itself,'' as is contended by respondent, it is not necessary to decide in view of the conclusion heretofore reached.

With respect to the appeal from that portion of the decree

which cancelled and assigned to respondent husband the homestead selected by appellant wife from the separate property of said husband, section 146 of the Civil Code provides: "If a homestead has been selected from the separate property of either [husand or wife] in cases in which the decree is rendered upon any ground other than incurable insanity, it shall be assigned to the former owner of such property, subject to the power of the court to assign it for a limited period to the party to whom the divorce is granted. . ." (See, also, *Glass* v. *Glass*, 4 Cal. App. 604 [88 Pac. 734]; *Greenlee* v. *Greenlee*, 7 Cal. (2d) 579 [61 P. (2d) 1157].)

Because of the conclusion reached upon the principal point presented by this appeal, this question as to the homestead has become moot, therefore the appeal from that portion of the interlocutory decree with reference thereto is dismissed. That portion of the interlocutory decree granting to respondent husband a divorce on the ground of desertion is reversed.

Doran, J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 27, 1942.